COLE *v.* VIOLETTE ET AL.

No. 892.   Decided June 14, 1943.

*Mr. Harold E. Cole, pro se.*

*Messrs. George L. Sisson* and *Ray C. Westgate* were on the brief for appellees.

PER CURIAM.

The question for our decision is whether the appeal was applied for within the three months' period provided by law.   28 U. S. C. § 350.   The suit was dismissed on the merits by the Superior Court of Suffolk County, Massachusetts, and appealed to the Supreme Judicial Court of Massachusetts, which on December 4, 1942, decided that the case had become moot.   312 Mass. 523, 45 N. E. 2d 400.   On the same day, that court sent to the Superior Court from which the appeal was taken a rescript which contained the following order: "Ordered, that the clerk of said court . . . make the following entry under said case in the docket of said court: viz., Final Decree to be modified by the insertion of a clause to the effect that the

bill is dismissed on the ground that the questions raised have become moot; decree as so modified is affirmed with costs." The rescript was filed that day in the Superior Court, which, on January 7, 1943, entered a decree as had been directed.

Applications for the allowance of an appeal to this Court, presented within three months after December 4th, were denied by the Chief Justice of the Superior Court of Massachusetts and by an Associate Justice of this Court. An application presented to another Associate Justice on March 6th was allowed. But this last application was not timely if the time to take an appeal ran from December 4th. *Matton Steamboat Co.* v. *Murphy,* 319 U. S. 412.

Massachusetts local practice regards the decree entered by the Superior Court on the rescript, rather than the order of the Supreme Judicial Court contained in the rescript, as the "final decree" in the case. See *Boston* v. *Santosuosso,* 308 Mass. 189, 194, 31 N. E. 2d 564; *Carilli* v. *Hersey,* 303 Mass. 82, 84, 20 N. E. 2d 492. But in determining what is a final judgment or decree within the meaning of § 237 of the Judicial Code, 28 U. S. C. § 344, we are not controlled by the designation applied to it in state practice. *Department of Banking* v. *Pink,* 317 U. S. 264, 268; *Gorman* v. *Washington University,* 316 U. S. 98, 101. The order of the Supreme Judicial Court of Massachusetts incorporated in its rescript was an order of the same nature and with the same incidents as those of the highest courts of other states which we review. It was an order of the court, and one which finally disposed of all the issues in the case, leaving nothing to be done but the ministerial act of entering judgment in the trial court. The appeal is dismissed on the ground that it was not applied for within the time provided by law. *Department of Banking* v. *Pink, supra,* and *Matton Steamboat Co.* v. *Murphy, supra.*

*Dismissed.*