HERBERT T. DUANE & others *vs.* CITY OF QUINCY.

Norfolk. November 4, 1965. — January 4, 1966.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction,* Declaratory relief. *Equity Pleading and Practice,* Declaratory proceeding, Petition, Demurrer.

Where landowners in a city in a proceeding in equity against it under G. L. c. 231A sought a declaratory decree as to the constitutionality of a statute authorizing the city to build an incinerator on land owned by it, but the petition, with respect to a controversy, merely alleged that there was "an actual controversy between . . . [the petitioners and the city] concerning the legality and constitutionality" of the statute, without setting forth any facts showing a live controversy arising from any assertion or action by the city under it, a demurrer to the petition was properly sustained. [61]

Upon appeal, in a proceeding in equity for a declaratory decree under G. L. c. 231A, from a final decree dismissing the petition on a ground not considered by this court in view of its conclusion that the petition failed to set forth an actual controversy as required by § 1, the final decree was ordered modified so as to dismiss the petition on the latter ground. [61–62]

PETITION filed in the Probate Court for the county of Norfolk on July 30, 1964.

The case was heard by *Hickey,* J., on demurrer.

The case was submitted on briefs.

*Harry Pavan* for the petitioners.

*Douglas A. Randall,* City Solicitor, for the respondent.

KIRK, J.   Under G. L. c. 231A the petitioners, hundreds in number, and all residents and taxpayers of the city of Quincy (the city), seek a determination of the constitutionality of St. 1964, c. 666,[1] which authorized and empowered the city to construct a refuse disposal incinerator on designated land owned by it, "[n]otwithstanding any zoning ordinance, or any general or special law to the contrary . . . ."   The petitioners allege an interest in the subject matter because "they own land on or near Quarry Street." They seek to enjoin the city permanently from building the incinerator.

The suit was commenced in the Probate Court pursuant to the provisions of G. L. c. 215, § 6, as amended by St. 1963, c. 820, § 1, the pertinent parts of which are set out in the footnote.[2]

The city filed a demurrer, based on eight grounds.[3]   By an interlocutory decree which did not state any ground, the demurrer was sustained.   Thereafter, by final decree, the petition was dismissed by the judge "for want of jurisdiction under G. L. Chapter 215, Section 6," which was one of

---

[1] "Section 1.   Notwithstanding any zoning ordinance, or any general or special law to the contrary, the city of Quincy is hereby authorized and empowered to construct a refuse disposal incinerator on land owned by said city on the effective date of this act adjacent to Hardwick quarry on Quarry street in said city."

[2] "Probate courts shall have original and concurrent jurisdiction in equity with the supreme judicial and superior courts of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction," except for matters growing out of labor disputes as defined in G. L. c. 149, § 20C. "Jurisdiction under this section may be exercised upon petition according to the usual procedure in probate courts."

[3] Of the eight grounds of demurrer, only the following are relevant: "1.   The facts well pleaded in the petition are insufficient to rebut the presumption of constitutionality and validity of the legislative enactment which the petition seeks to have declared void.   2.   The allegations contained in the petition do not set forth concisely and with substantial certainty the facts necessary to entitle the petitioners to equitable relief. . . . 4.   The allegations of the petition do not set forth a matter of equity cognizable under the general principles of equity jurisprudence which would vest jurisdiction in the Probate Court.   5.   The petitioners have no standing to seek declaratory relief.   6.   The petitioners have failed to make all persons parties who have or claim any interest which would be affected by the requested declaration and have failed to notify the Attorney General of the proceedings. . . . 8.   The petition should be dismissed on the basis that a declaration, not being binding on persons not parties to the proceedings, cannot end the alleged controversy."

the stated grounds of demurrer. The petitioners have appealed from both decrees.

We first consider the interlocutory decree sustaining the demurrer generally. It is elementary that if any ground of demurrer is good, the demurrer must be sustained. *North* v. *City Council of Brockton,* 341 Mass. 483, 484. *Wade* v. *Ford, Motor Co.* 341 Mass. 596, 598. The city's second ground of demurrer sufficiently raised the issue whether the petition adequately alleged facts essential to the maintenance of a petition for declaratory relief. One of the requirements under G. L. c. 231A, § 1, is that "an actual controversy has arisen and is specifically set forth in the pleadings." Here the petitioners merely allege "that there is an actual controversy between them and . . . [the city] concerning the legality and constitutionality" of St. 1964, c. 666, under the constitutions of the Commonwealth and the United States. There is no allegation or intimation that the city by direct action, by any expression of purpose or by any preparatory step intended to exercise the authority granted to it by St. 1964, c. 666. The absence of any factual allegations that there is a live controversy arising from any assertion or act by the city under St. 1964, c. 666, leaves the petition as no more than a request for an opinion on the constitutionality of the statute. It follows that it does not present proper matter for declaratory relief. "Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy." *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526, and cases cited, appeal dism. sub nom. *Cole* v. *Violette,* 319 U. S. 581, rehearing den. 320 U. S. 810. The demurrer was properly sustained. *Bob Ware's Food Shops, Inc.* v. *Brookline,* 349 Mass. 385, 389.

We note, in passing, that the record does not show that there was compliance with the provisions of G. L. c. 231A, § 8, requiring that the Attorney General be notified and be entitled to be heard when a question of constitutionality is involved. Since, for the reason already stated, the petition was not cognizable under G. L. c. 231A, the respondent was entitled to a decree dismissing the petition. By the

provisions of § 3, however, the reasons for refusing declaratory relief should be stated. The judge assigned as his reason, in substance, want of jurisdiction of the subject matter under G. L. c. 215, § 6, as amended by St. 1963, c. 820, § 1. In view of what we have said, it is unnecessary for us now to discuss the jurisdictional question assigned by the judge.

The final decree dismissing the petition is to be modified by striking out the last paragraph and substituting therefor the words: "The petition is dismissed because it fails to set forth an actual controversy as provided in G. L. c. 231A, § 1." Thus modified, the final decree is affirmed and the interlocutory decree is affirmed.

*So ordered.*