COMMISSIONER OF CORRECTION *vs.* ROBERT FERGUSON.

Suffolk. February 3, 1981. — June 2, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Moot Question. Imprisonment,* Consent to medical treatment. *Practice, Civil,* Declaratory proceeding.

This court declined to answer a reported question in an action under G. L. c. 231A by which the Commissioner of Correction sought a declaration that he was not required to obtain prior judicial approval for the involuntary administration of lifesaving treatment to the defendant, who was a mentally competent adult prisoner, since the defendant's parole rendered the case moot. [652-654]

CIVIL ACTION commenced in the Superior Court Department on March 3, 1980.

A question of law was reported to the Appeals Court by *McGuire,* J. The Supreme Judicial Court granted a request for direct review.

*Robert H. Claridge,* Special Assistant Attorney General, for the plaintiff.

LIACOS, J. This case was reported by a Superior Court judge without decision to the Appeals Court pursuant to G. L. c. 231, § 111, and Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We granted the Commissioner's application for direct appellate review. The question reported is: "In the case of a mentally competent prisoner refusing treatment necessary to save his life, is involuntary treatment that is appropriate under the standards set forth in *Commissioner of Correction* v. *Myers,* [379 Mass. 255 (1979)], *Superintendent of Belchertown State School* v. *Saikewicz,* 373 Mass. 728 (1977), and other cases, rendered illegal by the failure to seek prior judicial authorization for such treatment?"

We state briefly some of the facts stipulated by the parties. Ferguson, a competent twenty-one year old State prisoner, must take insulin twice a day to treat juvenile diabetes mellitus. Although his diabetes is chronic, he can lead an otherwise normal life if he continues to take insulin. After one or two days without insulin Ferguson can pass into a possibly irreversible coma. Also, if Ferguson fails to ingest food after receiving insulin, he can suffer fatal hypoglycemic shock. On February 29, March 17, and May 27, 1980, Ferguson refused to accept his insulin treatments. On other occasions he refused to eat after taking insulin.

On February 29, the first instance of Ferguson's refusal, the Commissioner obtained a temporary restraining order from a Superior Court judge, authorizing him to compel the treatment. On March 3, 1980, the Commissioner filed a complaint for declaratory relief pursuant to G. L. c. 231A, and on April 28 he filed an amended complaint and a motion for preliminary injunction.[1] Ferguson had refused insulin on March 17, and on April 14 threatened to refuse again if sent to Block 10 at the Massachusetts Correctional Institution at Walpole. A second temporary restraining order was issued on April 28, 1980.

On May 8, 1980, Ferguson appeared at a Superior Court hearing on the preliminary injunction. The hearing was continued and the temporary restraining order extended to permit Ferguson to obtain court-appointed counsel. As of some date after May 15, 1980, Ferguson had obtained counsel, but he was also taking insulin regularly. Shortly before the question was argued before this court, Ferguson was paroled on January 5, 1981.

We decline to answer the reported question for the reason that Ferguson's parole has rendered the case moot. The controversy, if any, between the Commissioner and this de-

---

[1] The amended complaint sought to have the defendant designated a member of a class of "all persons committed to the custody of the Department of Correction who, while mentally competent, refuse to consent to life-essential medical treatment." See Mass. R. Civ. P. 23, 365 Mass. 767 (1974). No such certification of a class is shown on the record.

fendant ended upon his parole. The defendant has presented no brief or oral argument on this appeal. Nor has there been an evidentiary hearing below. Briefly stated, the issue of the Commissioner's right to compel treatment, absent judicial approval, has not been fully argued in an adversary proceeding before any judicial tribunal. Compare *Commissioner of Correction* v. *Myers,* 379 Mass. 255, 261 (1979).

The Commissioner urges that we consider the question nevertheless and extend the holding of *Myers, supra,* to permit him to bypass judicial authorization for involuntary lifesaving treatment. He urges that the problem involved in this case is one likely to repeat itself in future cases, and that we should give him authority to determine the necessity of involuntary medical treatment in similar cases. By his amended complaint and in his brief the Commissioner proposes the following standard: "while the Commissioner of Correction may seek judicial authorization for involuntary treatment, and should do so in any case where the treatment is invasive, he is not generally required to obtain prior judicial approval for involuntary administrations of lifesaving treatment for mentally competent adult prisoners."

No one appears to argue for the defendant, or for the purported class. In effect, what the Commissioner seeks is an advisory opinion as to his future course of conduct. He misperceives the function of a proceeding under G. L. c. 231A. A judicial declaration of rights under c. 231A requires, as a prerequisite of jurisdiction, an "actual controversy." G. L. c. 231A, § 1. "Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy." *Duane* v. *Quincy,* 350 Mass. 59, 61 (1966), quoting from *Cole* v. *Chief of Police of Fall River,* 312 Mass. 523, 526 (1942), appeal dismissed sub nom. *Cole* v. *Violette,* 319 U.S. 581 (1943). "A mere difference of opinion or uncertainty over the meaning to be ascribed a statute [or common law] does not, without more, rise to the level of a justiciable controversy." *Department of Community Affairs* v. *Massachusetts State College Bldg. Auth.,* 378 Mass. 418, 422 (1979). Cf. *Massachusetts Ass'n of In-*

*dependent Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.,* 373 Mass. 290, 292 (1977).

While we recognize that the issue the Commissioner seeks to raise is a difficult one, we do not believe that a general answer to the question reported "would afford much practical guidance to the [Commissioner] in facing up to the vicissitudes of the future." *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 694 (1972). As in *Reilly,* what may have involved an "actual controversy" under G. L. c. 231A, § 1, at the time the complaint was filed and reported, has now become moot by reason of materially changed circumstances, namely, Ferguson's parole.

We order the report discharged and remand the case to the Superior Court. See *Reilly* v. *School Comm. of Boston, supra; Commonwealth* v. *Petralia,* 372 Mass. 452, 454 (1977).

*So ordered.*