EDWARD McMASTER, petitioner (and a companion case). November 30, 1981. These are appeals from judgments of the Superior Court dismissing two actions brought by McMaster to secure a determination of the lawfulness of the withholding of certain good-time deductions from his sentence. Both actions sought habeas corpus relief pursuant to G. L. c. 248. In addition, the second action sought a declaration pursuant to G. L. c. 231A, that "the withholding of good-time deductions absent compliance with

the provisions of [specified regulations and policies of the Department of Correction] is unlawful and a denial of the [d]ue [p]rocess." McMaster was unconditionally discharged from further imprisonment (G. L. c. 127, 129) while his appeals from the judgments were pending. He concedes in his brief that this fact renders the applications for habeas relief moot. Nevertheless, he contends that a declaration determining the validity of the policies he once sought to challenge is still necessary to settle issues "of public importance, capable of repetition, yet evading review." *Superintendent of Worcester State Hosp.* v. *Hagberg*, 374 Mass. 271, 274 (1978), and cases cited. We disagree.

The action seeking declaratory relief was not framed as a class action and the record does not indicate with any specificity that important group interests will perish with the extinction of McMaster's claim. See *Sosna* v. *Iowa*, 419 U.S. 393, 399 (1974). Compare *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 297-298 (1975); *United States Parole Commn.* v. *Geraghty*, 445 U.S. 388, 397-401 (1980). It has not been shown that the respondents might have deliberately released McMaster in order to make moot the appeal. See *Buchannan* v. *Superintendent of Mass. Correctional Inst.*, 9 Mass. App. Ct. 545, 549 (1980). Nor has it been shown why any other inmate who may be engaged in an actual controversy over these policies (to the extent that they are still being followed) cannot seek or obtain judicial redress by exercising minimal resolution in instituting and carrying on litigation. See *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 708 (1976). The policy suggesting judicial restraint in the adjudication of constitutional claims (see *Ashwander* v. *TVA*, 297 U.S. 288, 345 [1936] [Brandeis, J., concurring]), also advises against a precipitous decision of such a case in which the plaintiff lacks a direct stake in the outcome of the controversy. We conclude that the second action no longer presents a justiciable controversy suitable for a declaration of rights. See *Commissioner of Correction* v. *Ferguson*, 383 Mass. 651, 652 (1981); *Buchannan* v. *Superintendent of Mass. Correctional Inst.*, *supra* at 549-550. Accordingly, we vacate the judgments appealed from with a notation that our decision is not on the merits, and remand the cases to the Superior Court with the direction to dismiss both actions on the ground that they are moot.

*So ordered.*

*Barry Barkow* for the petitioner.
*Linda G. Katz*, Assistant Attorney General, for the respondents.