TOWN OF MILTON & others[1] *vs.* COMMONWEALTH & others.[2]

Norfolk. October 5, 1993. - December 3, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Constitutional Law*, Appropriation of money, General Court. *Commonwealth*, Financial matters. *General Court. Statute*, Appropriation of money, General law. *Municipal Corporations*, Police. *Governor. Declaratory Relief. Mandamus.*

The Commonwealth was not liable to certain municipalities for reimbursement of their expenditures, determined pursuant to G. L. c. 41, § 108L, for career incentive salary increases for police officers, that were in excess of funds appropriated for that purpose. [473-475]

Both the Governor and the Legislature were to be dismissed as parties in an action by municipalities seeking an order mandating them to make appropriations necessary for reimbursement to the plaintiffs pursuant to G. L. c. 41, § 108L, where neither relief in the nature of mandamus nor a declaratory judgment was available as a remedy to the municipalities against the Governor or the Legislature. [475-476]

CIVIL ACTION commenced in the Superior Court Department on December 31, 1990.

The case was heard by *Andrew G. Meyer*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

---

[1]The towns of Andover, Billerica, Canton, Dalton, Dartmouth, Dedham, Easthampton, Easton, Foxborough, Longmeadow, Norwood, Methuen, Randolph, Seekonk, Somerset, Stoneham, Stoughton, Walpole, Watertown, West Boylston, Weston, Westport, Weymouth, Whitman, and Yarmouth. The cities of Lynn, Quincy, Salem, Somerville, and Waltham. The towns of Danvers and Milford and the city of Worcester intervened as plaintiffs, filing their own complaints.

[2]The Governor; the Chancellor of the Board of Regents of Higher Education; the General Court; and the Commissioner of Revenue.

*Peter Sacks*, Assistant Attorney General, for the defendants.

*Michael C. Lehane* (*Geoffrey P. Wermuth* with him) for the plaintiffs.

WILKINS, J. The plaintiff municipalities seek full reimbursement from the Commonwealth of one-half of their expenditures, pursuant to G. L. c. 41, § 108L (1992 ed.), for career incentive salary increases for police officers. Section 108L provides full base salary increases for regular full-time members of municipal police departments based on credits and degrees earned in certain accredited educational institutions. "Any city or town which accepts the provisions of this section and provides career incentive salary increases for police officers shall be reimbursed by the commonwealth for one half the cost of such payments upon certification by the board of higher education." G. L. c. 41, § 108L. For fiscal years 1988 through 1991, the Legislature did not appropriate sufficient funds to provide fifty per cent reimbursement to those cities and towns that had accepted § 108L.[3]

This action was commenced on December 31, 1990, by the towns of Milton, Billerica, and Norwood. Other municipalities have since joined the case. See note 1 above. The municipalities, relying on the words "shall be reimbursed," sought an order directing the Commonwealth to reimburse them as stated in § 108L and mandating the Legislature and the Governor to make appropriations necessary for that purpose. They also sought declaratory relief concerning their rights.

A judge of the Superior Court granted summary judgment to the municipalities against the Legislature and the Commonwealth on two of the five counts of the complaints. These counts were based on (1) a perceived statutory obligation to

[3]In each fiscal year the Legislature appropriated $6,700,000. The aggregate deficiencies for the plaintiff municipalities were as follows:

| Fiscal year | Deficiency (rounded) |
|---|---|
| 1988 | $ 65,000 |
| 1989 | 238,000 |
| 1990 | 698,000 |
| 1991 | 1,204,000 |

pay the reimbursement described in § 108L without regard to any further legislative action and (2) the existence of a contractual obligation.[4] The judge dismissed the Governor as a defendant and entered judgment in favor of the defendant Chancellor and the defendant Commissioner of Revenue. Each side has appealed.

We conclude that the Commonwealth is not liable to the municipalities beyond the amount appropriated for § 108L reimbursements. In other words, § 108L alone does not create a right to reimbursement, either as a statutory mandate or as a contractual obligation. The judge properly entered judgment for the defendant Chancellor and the defendant Commissioner. He rightly dismissed the Governor as a defendant and should have done the same as to the Legislature.

The municipalities' right to the receipt of the amount of reimbursement stated in § 108L depends on the availability of funds appropriated for the purpose. Section 108L does not make an appropriation of funds. It is not self-executing. In *Opinion of the Justices*, 323 Mass. 764 (1948), the Justices advised that a bill for a percentage pay increase for certain State officers and employees was not an appropriation bill and, if enacted, should be construed as increasing salaries subject to existing and future appropriations for salaries. *Id.* at 767. See *Opinion of the Justices*, 309 Mass. 571, 587 (1941) ("A provision, for example, fixing the salary of a public officer is not an appropriation of that amount for the payment of such salary"). Appropriations are made, not in the General Laws, but through the operation of the annual budget and appropriation process described in art. 63 of the Amendments to the Constitution of the Commonwealth. See *Opinion of the Justices*, 349 Mass. 804, 807 (1965) ("the underlying purpose of the amendment was to centralize, and improve control of, the Commonwealth's funds and to insure careful consideration of their expenditure"); *Opinion of the Justices*, 334 Mass. 716, 718 (1956) ("It is manifest that art.

---

[4]The parties later stipulated to the dismissal of the other three counts of the amended complaint.

63 was designed to place the fiscal operations of the Commonwealth as far as possible on a strict budget plan by which all money received on account of the Commonwealth from any source should be paid into its treasury and all proposed expenditures of the Commonwealth should be included in some appropriation bill").

It makes no difference that § 108L does not say that the payment of the reimbursement for which it provides is subject to appropriation. A general law directing the payment of funds but lacking the words "subject to appropriation" has never been treated as an appropriation of funds for the stated purpose. These words in a statute may serve as a useful reminder, but they are supererogatory. There must be an appropriation.

The municipalities' argument that the mandate of § 108L must be implemented fails for the further reason that one Legislature may not bind a successor Legislature (or even itself) to make an appropriation. See *Associated Indus. of Mass.* v. *Secretary of the Commonwealth,* 413 Mass. 1, 9 (1992) ("The Legislature cannot, through enactment of an act or statute, bind itself or its successors to make a particular appropriation"); *Massachusetts Coalition for the Homeless* v. *Secretary of Human Servs.,* 400 Mass. 806, 816 (1987) (restriction on extraneous legislation in appropriations bills would be "an impermissible attempt by one Legislature to dictate to subsequent ones the way in which constitutionally permissible legislative processes may work"); *Opinion of the Justices,* 302 Mass. 605, 610-611 (1939) ("The bill [creating an emergency fund for unforeseen expenditures], however, if enacted, would not bind the General Court to make such an appropriation. One General Court cannot bind itself or its successors in this manner"). Thus, even if § 108L stated that no further appropriation was necessary (and assuming that the enactment was a proper special appropriation bill), the result would be the same. Such a provision could have no binding effect in a subsequent fiscal year on a subsequent Legislature.

The Legislature's enactment of § 108L and the various municipalities' acceptances of § 108L did not create binding contracts to pay amounts determined pursuant to § 108L in the absence of appropriation. For a contract to arise from a statute there must be a clear intention of the Legislature that a statute be so interpreted. See *Boston Elevated Ry.* v. *Commonwealth*, 310 Mass. 528, 548 (1942). In light of the budget and appropriation processes that we have just discussed, a conclusion is not warranted that the Legislature clearly intended that there be an obligation on the Commonwealth to pay funds to a political subdivision of the Commonwealth, even if there were no appropriation for the purpose. Cf. *County Comm'rs of Plymouth* v. *State Superintendent of Bldgs.*, 383 Mass. 262, 267-268 (1981) (Commonwealth not bound to lease obligations in excess of appropriation).

The Governor and the Legislature should be dismissed as parties, even though any judgment entered concerning them would be in their favor. Declaratory relief is not available against the Governor or the Legislature. See *Alliance, AFSCME/SEIU, AFL-CIO* v. *Secretary of Admin.*, 413 Mass. 377, 377 n.1 (1992), and cases cited (Governor); *LIMITS* v. *President of the Senate*, 414 Mass. 31, 35-36 (1992) (Legislature).[5] Mandamus is available neither against the Governor (*Rice* v. *The Governor*, 207 Mass. 577, 578-580 [1911]), nor against the Legislature (*LIMITS* v. *President of the Senate, supra* at 35). Judicial unwillingness to order the Governor or the Legislature to act is founded on separation of powers principles expressed in art. 30 of the Massachusetts Declaration of Rights. See *LIMITS* v. *President of the Senate, supra.* In most (but not all) cases, relief, if de-

---

[5]Section 1 of the Declaratory Judgment Act (G. L. c. 231A [1992 ed.]) does not express any consent to suit by the Governor or by the Legislature. The consent stated in G. L. c. 231A, § 2, expressly excludes the Governor and the Legislature.

served, can be obtained against the Commonwealth or some defendant other than the Governor or the Legislature.[6]

The portion of the judgment (paragraphs 5 and 6) dismissing the Governor from the case and granting summary judgment to the Chancellor of the Board of Regents of Higher Education and to the Commissioner of Revenue is affirmed. The balance of the judgment is vacated. A new judgment shall be entered dismissing the Legislature from the case and declaring on summary judgment that the Commonwealth is not liable for any reimbursement determined pursuant to G. L. c. 41, § 108L, that is in excess of the funds appropriated for the purpose.

*So ordered.*

---

[6]In *Brookline* v. *The Governor*, 407 Mass. 377, 385 (1990), declaratory relief was entered against several executive department officials, including the Governor. The Governor did not request dismissal of the action against him. Relief against him was not essential to the result. His dismissal would not have changed the effect of that opinion. The question of mandating gubernatorial action implicates judicial restraint and does not involve any lack of jurisdiction to exercise judicial authority.