O’Brien, J.
Plaintiffs Paul J. Machado (Machado) and Joseph F. Rosa (Rosa) have brought this action against Governor William Weld (Governor) and William Leahy, chief counsel for the Committee for Public Counsel Services (CPCS). Plaintiffs’ suit, alleging continuing violations of G.L.c. 211D:12 and 29:29C, is based on three theories: breach of contract; failure of duty by the Governor; and quantum meruit. Defendants now move for dismissal or in the alternative summary judgment. For the reasons stated below, both defendants’ motions for summary judgment are GRANTED.
BACKGROUND
Taken in the light most favorable to the non-moving party, the undisputed material facts are as follows. Machado and Reca are attorneys admitted to practice in the Commonwealth of Massachusetts. They have provided legal representation for numerous indigent defendants as independent contractors through the Private Counsel division of CPCS. Both plaintiffs have maintained records of incurred costs and submitted numerous payment vouchers for reimbursement. Defendants do not allege that either plaintiff submitted any payment voucher incorrectly.
Plaintiffs allege that defendants have failed, both presently and in the past to process these bills in a timely manner in violation of both the contract for services as well as the statutory provisions. Plaintiffs also allege that they have incurred substantial costs and expenses due to defendants’ delay. Along with the complaint and amended complaint, both plaintiffs submitted outstanding bills. Defendants allege that the bills presented by both plaintiffs have since been paid.
DISCUSSION
I. Governor William Weld.
Defendants, moving for dismissal or summary judgment, argue that Governor Weld is not a proper party to the lawsuit because (1) CPCS is a part of the judicial branch of the government and the Governor has no role in its administration, and (2) plaintiffs are entitled to no relief from the Governor, whether in the form of money damages, declaratory relief, or mandamus. Plaintiffs respond that equitable relief is available against the Governor and the “Governor’s failure to request appropriate funding for CPCS and his inaction via his agents (such as the Comptroller and the Attorney General) results in violations of [G.L.c. 211D: 12] and [G.L.c. 29:29C].” Plaintiffs’ Memorandum in Opposition at 7.
The Governor is not a proper party to the proceeding. In Milton v. Commonwealth, 416 Mass. 471 (1993), the plaintiff municipalities sought enforcement of a statute. The complaint asked the court to grant declaratory relief, to order the Commonwealth to reimburse them, and direct the Governor and Legislature to make the necessary appropriations. The S.J.C. stated on review:
The Governor and Legislature should be dismissed as parties, even though any judgment entered concerning them would be in their favor. Declaratory relief is not available against the Governor or the Legislature. Mandamus is available neither against *113 the Governor, nor against the Legislature. Judicial unwillingness to order the Governor or the Legislature to act is founded on separation of powers principles expressed in art. 30 of the Massachusetts Declaration of Rights. In most (but not all) cases, relief, if desired, can be obtained against the Commonwealth or some defendant other than the Governor or Legislature.
Id. at 475-76 (citations omitted).
II. Committee For Public Counsel Services.
Defendants argue that dismissal or summary judgment is appropriate for any one of the following reasons: (1) absent a legislative appropriation of funds, G.L.c. 211D creates neither a statutory nor a contractual right to compensation, Milton v. Commonwealth, 416 Mass. 471, 473 (1993); (2) even if plaintiffs could establish the existence of an enforceable contractual right to payment, they are not entitled to reimbursement on a quantum meruit theory because the rate of compensation is determined by statute; (3) plaintiffs’ claims are barred by the doctrine of sovereign immunity, Commonwealth v. Elm Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 77-79 (1992); and/or (4) plaintiffs’ outstanding bills have been paid.
Plaintiffs respond that summary judgment and dismissal are inappropriate because (A) plaintiffs are third-party beneficiaries of contracts between CPCS through the intermediary to themselves; (B) both G.L.c. 211D: 12 and G.L.c. 29:29C create contractual obligations; (C) the performance of plaintiffs and the nonperformance of defendants make the quantum meruit claim appropriate; (D) the violations of statutory provisions are ongoing; and (E) the Commonwealth has waived its immunity as to contract claims.[3]
First, though it is true that the Commonwealth cannot be sued in its own courts without its consent, Commonwealth v. Elm Medical Laboratories, Inc., 33 Mass.App.Ct. 71, 77-79 (1992), itis axiomatic that the Commonwealth has waived immunity to contract claims. Morash & Sons, Inc., v. Commonwealth, 363 Mass. 612, 617 (1973). However, the Commonwealth has not been made a party to the action. Thus, two issues presently stand before this court: first, whether an action can lie against CPCS, and second, whether the present plaintiffs have the appropriate basis for such an action.
The authority for the creation of CPCS was enacted by the Legislature in G.L.c. 211D. G.L.c. 211D: 12 covers the compensation for private counsel.[4] G.L.c. 29:29C addresses the Commonwealth’s liability for late payment to vendors.[5] Plaintiffs argue that both these provisions create contractual obligations under which the suit can be maintained.
In Massachusetts, in order for the Commonwealth to be obliged to make payment in absence of specific appropriation, there must be a “clear intention of the Legislature” that a statute’s interpretation should give rise to a binding contract. See Milton, 416 Mass. at 474-75 (statute which provided that cities and towns “shall be reimbursed by the commonwealth” for one half the cost salary increases for police officers deemed not to create contractual obligation absent appropriation). But cf. Boston Elevated Railway v. Commonwealth, 310 Mass. 528, 548-49 (1942) (statute granting company location to build elevated railway and providing inducements to build creates binding contract; Legislature “must have intended that the company in constructing such an elevated structure should rely upon the irrevocable nature of the location granted”).
In the instant case, this court can safely say that G.L.c. 29:29C does not exhibit the necessary intent to create a binding contract absent an appropriation.[6] G.L.c. 29:29C states that the late penalties shall be paid “out of funds appropriated for the administration or operation of the program for which the interest was incurred.” One Legislature “may not bind a successor Legislature (or even itself) to make an appropriation.” Id. at 474 (citations omitted). Thus, in light of the budget and appropriation procedure of this Commonwealth, “a conclusion is not warranted that the Legislature clearly intended to pay funds to a political subdivision of the Commonwealth, even if there were no appropriation for the purpose." Id. at 475 (citations omitted).
It must be admitted that the analysis viz-a-viz G.L.c. 211D is more difficult. One part of the chapter provides that CPCS may “enter into contracts to provide or receive services with any . . . group or individual.” G.L.c. 211D:3. However, G.L.c. 211D:12, which governs the compensation of counsel, states that “The committee shall establish rates of compensation payable, subject to appropriation, to all counsel who are appointed or assigned . . .” (Emphasis added.) This court therefore finds no “clear intention” by the Legislature to create a binding contract.
Because plaintiffs themselves admit that CPCS is a governmental (related to the judiciary) entity, any liability of CPCS, like the Commonwealth, is subject to Legislative appropriation. Without a binding contract, the Legislature cannot be liable for any reimbursement “in excess of the funds appropriated for the purpose.” Id. at 476.[7] Therefore, plaintiffs’ claims based on breach of contract as well as quantum meruit must be dismissed.
ORDER
It is therefore ORDERED that Motions for Summary Judgment by Defendant Governor William Weld and Defendant William Leahy, attorney for Committee for Public Service Counsel, are ALLOWED.

 Plaintiffs also argue that summary judgment should not be granted because the parties have “conducted no discovery, have obtained no admissions and have otherwise not filed any documentation showing the existence or lack of support of the materia] elements of the plaintiffs’ claims.” Plaintiffs’ Memorandum in Opposition at 8.

 G.L.c. 211D: 12 states in pertinent part:
The committee shall establish policies and procedures to provide fair compensation to private counsel, which shall include a remedy for any attorney aggrieved by the amount of payment. The committee shall also establish an audit and oversight department to monitor billing and private attorney compensation. All invoices shall be processed for payment within thirty days of receipt of chief counsel. The committee may further prescribe such policies and procedures for payment as it deems appropriate.

 G.L.c. 29:29C provides in pertinent part:
Except as provided for otherwise by law . . . any agency of the executive or judicial branches of the government which acquires property or services from a commercial vendor, including both profit and not for profit corporations but which does not make full payment by the required payment date for each such complete and appropriate ... service delivered in accordance with an applicable purchase order contract, shall be liable for late penalty interest to said commercial vendor on the amount which is due

 It is also unclear whether plaintiffs are commercial vendors or whether their contract with CPCS contract is an “applicable purchase order contract,” both of which are required by the terms of the statute. However, because of the disposition of this case, these issues need not be reached.

 G.L.c. 211D: 12 requires the committee to “establish policies and procedures to provide fair compensation to private counsel, which shall include a remedy for any private attorney aggrieved by the amount of payment...” It would appear that plaintiffs' appropriate remedy would be through these channels, if they indeed exist.