MASSACHUSETTS-AMERICAN WATER CO. *vs.* GRAFTON WATER DISTRICT & others (No. 2).[1] No. 92-P-452. March 31, 1994. *Declaratory Relief. Practice, Civil,* Declaratory proceeding. *Constitutional Law,* Judicial review. *Statute,* Validity. *Jurisdiction,* Declaratory relief.

In apparent reaction to the jury verdict in an eminent domain action brought by the plaintiff against the defendant, Grafton Water District (District), the appeal from which is the subject of our decision, *ante* 944, the Legislature enacted c. 441 of the Acts of 1990. Under that special legislation, the District's original enabling legislation was amended to insert provisions, among others, (1) exempting the District's income from execution and levy to the same extent as the property of the Commonwealth, (2) authorizing the District to rescind any order of taking and return to the plaintiff any property taken from it and providing for fair com-

---

[1] Commonwealth of Massachusetts and Department of Public Utilities.

pensation to the plaintiff for the loss of use of its property during the period of the taking and (3) directing the defendant, Department of Public Utilities, to reduce the plaintiff's rate base in other communities it serves, by the amount by which any award received by the plaintiff in the eminent domain proceedings exceeds the rate base of the property taken from it. The plaintiff sought a declaration in the Superior Court that c. 441 was void as violative of various provisions of the Constitutions of the Commonwealth and of the United States. The defendants moved for judgment on the pleadings on the ground that the plaintiff's complaint seeking declaratory relief failed to establish its legal standing or the existence of an actual controversy as required under G. L. c. 231A. After hearing, the judge allowed the defendants' motion, concluding in his written decision that "[a]t the present time it is impossible to confidently say which, if any, of the provisions of [c. 441] will be applied" and "[t]he quality and fairness of a constitutional ruling now would surely suffer from the present highly speculative nature of the inquiry. The controversy is not ripe for a sound judicial assessment of the rights of the parties." The plaintiff appeals from a judgment entered in accordance with that decision. We affirm.

At the time of the judge's decision, and even now, so far as our record indicates, the challenged statute has not been applied. Notwithstanding our decision in the eminent domain proceeding, *ante* 944, for this court to address itself to the constitutional issues raised would require it to render an opinion in the absence of a factual record indicating which, if any, of the challenged provisions of c. 441, have been applied and whether such application will inevitably lead to litigation. See *Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.*, 376 Mass. 142, 144 (1978). At this juncture, any declaration by this court would be premature. See *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 526, appeal dismissed sub nom. *Cole* v. *Violette*, 319 U.S. 581 (1942). *Nomad Acquisition Corp.* v. *Damon Corp.*, 701 F. Supp. 10, 11 (D. Mass. 1988).

*Judgment affirmed.*

*Thomas F. Holt, Jr.*, (*Mark E. Haddad* with him) for the plaintiff.
*George A. Berman* (*Erik Lund* with him) for Grafton Water District.
*Scott Harshbarger*, Attorney General, & *Amy Spector*, Assistant Attorney General, for the Commonwealth & another, submitted a brief.