ALLIANCE, AFSCME/SEIU, AFL–CIO & another[1] vs.
COMMONWEALTH & others.[2]

Suffolk. May 6, 1997. - July 23, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Declaratory Relief. Jurisdiction,* Proceeding against Commonwealth, Declaratory relief. *Governor. Attorney General.*

In an action brought in the Supreme Judicial Court by unions representing certain State employees against the Commonwealth, the Secretary of Administration and Finance, the Department of Public Health and the Commissioner of Public Health, seeking a declaratory judgment that the Governor's veto of a certain portion of a legislative provision that was not separable from its line item was an invalid exercise of the Governor's authority, this court concluded that there was no controversy between the parties actually before the court and the matter was ordered dismissed for lack of jurisdiction. [536-539]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on September 20, 1995.

The case was reported by *Abrams,* J.

*Susan Jacobson McCauley* for the plaintiffs.

*Thomas H. Green,* Assistant Attorney General, for the defendants.

*Michael Tuteur,* Special Assistant Attorney General, for the Governor, amicus curiae.

FRIED, J. The plaintiffs, who represent certain State employees, seek a declaratory judgment that the Governor's disapproval of a clause requiring not less than thirty-nine full-time equivalent (FTE) positions as part of a budget item providing funding for early intervention services to certain children under the age of three and their families is an invalid exercise of the Governor's authority. The case is remanded to the single justice to enter an order dismissing the action for lack of jurisdiction.

---

[1]Local 509, Service Employees International Union, AFL-CIO, CLC.

[2]The Secretary of Administration and Finance, the Department of Public Health, and the Commissioner of Public Health.

## I

In 1995 the Legislature enacted a bill, 1995 House No. 5100, containing the budget for the Commonwealth's fiscal year 1996. Section 2, Line Item 4513-1000, read:

"For the administration of the division of family health services, including a program of maternal and child health in addition to any federal funds received for this program; . . . provided further, that not less than [$18,235,639] shall be expended for early intervention services; . . . *provided further, that the [Department of Public Health] shall fund not less than thirty-nine full time equivalent employees for the early intervention program* . . . provided further, that notwithstanding any general or special law to the contrary, the funds made available herein shall be the only state funds available for said early intervention program . . ." (emphasis supplied).

Shortly thereafter, the Governor exercised his power under art. 63, § 5,[3] of the Massachusetts Constitution, as amended by art. 90, § 4, of the Amendments, to disapprove the italicized portion of this bill.[4] See St. 1995, c. 38.

The plaintiffs brought a complaint before a single justice of this court, seeking a declaration that the Governor's disapproval

---

[3]Article 63, § 5, of the Massachusetts Constitution, as amended by art. 90, § 4, of the Amendments, provides, "The governor may disapprove or reduce items or parts of items in any bill appropriating money. So much of such bill as he approves shall upon his signing the same become law. As to each item disapproved or reduced, he shall transmit to the house in which the bill originated his reason for such disapproval or reduction, and the procedure shall then be the same as in the case of a bill disapproved as a whole. In case he shall fail so to transmit his reasons for such disapproval or reduction within ten days after the bill shall have been presented to him, such items shall have the force of law unless the general court by adjournment shall prevent such transmission, in which case they shall not be law."

[4]This same full-time equivalent (FTE) provision was included in the budgets for fiscal years 1995 and 1997. Just as with the 1996 budget, the Governor vetoed the FTE provision in these bills, leaving the rest of the line item intact. The Governor's treatment of the 1995 budget was challenged in a summary judgment motion in the Superior Court, in which the Governor appeared as amicus curiae to oppose the motion. A judge in the Superior Court denied the motion, believing that there were facts in controversy, and no further action has been taken in that case. The parties have agreed that this case also addresses the Governor's veto with respect to the budget for fiscal year 1997.

of the italicized language fell outside his powers under the Constitution, and was therefore without effect. The Attorney General agrees that the Governor exceeded his authority by disapproving a legislative provision that was not separable from its line item, and suggests that, if the Governor wished to eliminate the FTE language, he was required to disapprove the provision's corresponding appropriation, either by disapproving "(a) the amount the line item language earmarks for the early intervention program . . . together with all the line item language relating to that program, or else (b) the whole of line item 4513-1000, including all language and dollar amounts." On request by the parties, the single justice reserved and reported this matter to the full court.

II

We must first decide if we have jurisdiction to grant a declaration. General Laws c. 231A, § 1, states:

> "The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity or not; and such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such. . . ."

Section 2 goes on to state that:

> "The procedure under section one may be used to secure determinations of right, duty, status or other legal relations . . . provided, however, that this section shall not apply to the governor and council or the legislative and judicial departments. . . ."

It is a predicate of jurisdiction under c. 231A, § 1, that "an actual controversy ha[ve] arisen." Although a disagreement

certainly exists between the plaintiffs and the Attorney General on one hand, and the Governor on the other, we have always understood the term controversy to mean more than such a disagreement. We have consistently held that there must be an actual controversy *between the parties.*[5] *Assessors of Edgartown* v. *Commissioner of Revenue*, 379 Mass. 841, 845 (1980); *District Attorney for the Hampden Dist.* v. *Grucci*, 384 Mass. 525, 527 (1981). The Governor is not a party to this suit, nor by virtue of G. L. c. 231A, § 2, could he be made a party. See *Milton* v. *Commonwealth*, 416 Mass. 471, 475 & n.5 (1993). The plaintiffs have cited as defendants in this suit the Commonwealth, the Secretary of Administration and Finance, the Department of Public Health, and the Commissioner of Public Health. For purposes of an action of this sort "the Commonwealth" is an anomalous designation, and we take it to add nothing to the list of those others the plaintiffs designate as defendants. In contrast, we have allowed declaratory judgment actions against such executive officers and have not applied the bar of G. L. c. 231A, § 2. See *Barnes* v. *Secretary of Admin.*, 411 Mass. 822 (1992). The Secretary of Administration and Finance, the Department of Public Health, and the Commissioner of Public Health, however, may all appear in court only as represented by the Attorney General. See *Secretary of Admin. & Fin.* v. *Attorney Gen.*, 367 Mass. 154 (1975). If the Attorney General takes the position, as he has here, that he agrees with the plaintiffs and that he will not defend the action, either on his own account or by appointing a special assistant attorney general to defend the action on behalf of the named executive officer, *id.* at 165 n.8, the constitutional and statutory position of the

[5]The first statement of this requirement appears in *School Comm. of Cambridge* v. *Superintendent of Sch. of Cambridge*, 320 Mass. 516, 518 (1946), in which this court was asked to determine whether an actual controversy existed within the meaning of G. L. c. 231A, § 1, and said that in the context of this statute, "a pleading is sufficient if it sets forth a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter." See *Bello* v. *South Shore Hosp.*, 384 Mass. 770, 778 (1981); *Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.*, 376 Mass. 142, 144-145 (1978); *South Shore Nat'l Bank* v. *Board of Bank Incorporation*, 351 Mass. 363, 368 (1966); *Clinton Hous. Auth.* v. *Finance Comm. of Clinton*, 329 Mass. 495 (1952); *New Bedford* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 329 Mass. 243, 247 (1952).

Attorney General[6] carries the implication that those parties have simply declined, through their attorney, to defend. As a result, there is no "controversy between the *parties*" before the court, as our reading of the declaratory judgment statute demands.[7] Nor is this jurisdictional defect cured by making the Governor — or any of the named defendants — an amicus curiae, for an amicus curiae is not a party and cannot create the kind of adversity that we require. See generally Mass. R. A. P. 17, 365 Mass. 864 (1974).

We conclude, therefore, that "we must put aside the natural urge to proceed directly to the merits of [an] important dispute

---

[6]The Attorney General is not appointed by the Governor, but is instead elected separately by the citizens of the Commonwealth. Part II, c. 2, § 1, art. 9, of the Massachusetts Constitution, as amended by art. 17 of the Amendments. See generally Richardson, The Office of the Attorney General: Continuity and Change, 53 Mass. L.Q. 5 (1968); *Secretary of Admin. & Fin.* v. *Attorney Gen.*, 367 Mass. 154, 159-162 (1975). By virtue of this separate election, the Attorney General does not operate in a wholly subordinate role to the Governor, but may exercise independent judgment as to whether an executive action is so unlawful or against the interests of the public and Commonwealth that he will not undertake to defend it in court, as it is his responsibility to "establish[] and sustain[] uniform and consistent legal policy for the Commonwealth." *Feeney* v. *Commonwealth*, 373 Mass. 359, 366 (1977).

[7]These executive officers are obligated to accept representation from the Attorney General by virtue of G. L. c. 12, § 3, defining the duties of the Attorney General:

> "The attorney general shall appear for the commonwealth and for state departments, officers and commissions in all suits and other civil proceedings in which the commonwealth is a party or interested, or in which the official acts and doings of said departments, officers and commissions are called in question, in all the courts of the commonwealth . . . . All such suits and proceedings shall be prosecuted or defended by him or under his direction. Writs, summonses or other processes served upon such officers shall be forthwith transmitted by them to him. All legal services required by such departments, officers, commissions and commissioners of pilots for district one in matters relating to their official duties shall, except as otherwise provided, be rendered by the attorney general or under his direction."

See *Feeney* v. *Commonwealth, supra* at 366 (Attorney General authorized to prosecute an appeal to the Supreme Court despite objections by State officers); *Secretary of Admin. & Fin.* v. *Attorney Gen., supra* at 163 (Attorney General made policy determination not to appeal adverse decision despite request by Secretary and Governor).

and to 'settle' it for the sake of convenience and efficiency,"
*Raines* v. *Byrd*, 117 S. Ct. 2312, 2317 (1997), where there is no
proper jurisdictional basis for our proceeding to the merits. Nor
must the question the plaintiffs and the Governor seek to have
resolved necessarily remain unanswered. The Legislature or the
Governor is entitled to "require" an advisory opinion of the
Justices pursuant to Part II, c. 3, art. 2, of our Constitution, as
amended by art. 85 of the Amendments, as has been done in the
case of similar controversies many times before. See, e.g.,
*Opinion of the Justices*, 411 Mass. 1201, 1202 (1991); *Answer
of the Justices*, 406 Mass. 1220, 1224 (1989); *Opinion of the
Justices*, 384 Mass. 828 (1981); *Opinion of the Justices*, 384
Mass. 820 (1981); *Opinion of the Justices*, 294 Mass. 616
(1936).[8]

The case is remanded to the single justice to enter an order
dismissing the complaint for lack of jurisdiction.

*So ordered.*

[8]An appropriate party might also seek mandamus against the official charged
with the administration of the law, requiring him to perform what may be a
ministerial duty under the statute, thus bringing into question whether the
statute has indeed validly imposed such a duty on that official in light of the
Governor's veto. *Sears* v. *Treasurer & Receiver Gen.*, 327 Mass. 310, 312-
313, 320-321 (1951). If, however, the Attorney General once again concludes
that he cannot conscientiously allow the action to be defended, we would then
face the same question as we do now, but not in the context of a statute
which, we have held, requires a controversy between the parties. It may be
that a suit seeking the performance of a ministerial duty, if undefended, results
not in a dismissal on jurisdictional grounds, but in a default judgment. That is
a question we need not resolve here.