DESMOND, J.
*768 By complaint in the Superior Court, the plaintiff, Wells Fargo Financial Massachusetts, Inc. (Wells), sought a declaration that language in a mortgage granted to it by the defendants, Deborah M. Mulvey and Brian F. Mulvey, entitled it to exercise the statutory power of sale upon the Mulveys' default. The Mulveys did not answer the complaint and were defaulted. A judge of the Superior Court (motion judge) thereafter dismissed the complaint, based on her conclusion that it did not present a justiciable controversy. We affirm.
Background. On May 28, 1992, the Mulveys purchased real property located at 228 Fays Avenue in Lynn (property).[2] On August 3, 2006, the Mulveys granted Wells a mortgage on the *769 property, securing payment on a note in the principal amount of $302,640.01. Paragraph 20 of the mortgage specifies certain remedies available to Wells in the event of a default by the Mulveys, including, in relevant part:
"20. Acceleration; Remedies.... If the default is not cured ..., [Wells] at its option may require immediate payment in full of all sums secured by this [mortgage] without further demand and may invoke the power of sale and any other *488 remedies permitted by Applicable Law....
"If [Wells] invokes the power of sale, [Wells] shall give notice of sale in the manner prescribed by Applicable Law .... [Wells] shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law." (Emphases supplied.)
On January 11, 2016, Wells filed a complaint in Superior Court seeking a declaration that the above-quoted language authorizes it to foreclose under the statutory power of sale described in G. L. c. 183, § 21.[3] The complaint alleges that the Mulveys are in default of their obligation to repay their loan, and that Wells "seeks to exercise its remedies for default, including the ability to foreclose its Mortgage by exercising the statutory power of sale." The sole count of the complaint requests a declaratory judgment pursuant to G. L. c. 231A.
Wells's returns of service (filed with the court) state that copies of the complaint and summons were served on each of the Mulveys by leaving the same at the property on January 29, 2016, and by mailing additional copies to the property on February 1, 2016. By February 18, 2016, no answer had been filed and Wells's counsel mailed to the court requests for entry of default as to each of the Mulveys. See Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974). Defaults *770 were entered on the docket the following day. Thereafter, Wells moved for a default judgment pursuant to Mass.R.Civ.P. 55(b)(2), as amended, 463 Mass. 1401 (2012). On April 14, 2016, the motion judge held a hearing on the motion for entry of judgment.[4] ,[5]
On April 27, 2016, an assistant clerk of the court mistakenly entered judgment for Wells on the docket and issued a clerk's notice stating that a judgment had entered, decreeing as follows:
"The power of sale language in the Mortgage granted by defendants to plaintiff ... has the same effect as the Statutory Power of Sale language in [G. L.] c. 183, [§] 21 ; and ... Plaintiff, its successors and/or assigns, is entitled to foreclosure by using the procedure for statutory power of sale contained in [G. L.] c. 244, [§] 14."[6]
*489 On August 3, 2016, the motion judge, who had heard Wells's motion at the April 14, 2016, hearing, issued an order stating that Wells's complaint was to be dismissed because it did not present a justiciable controversy.
On October 11, 2016, a second judge vacated the April 27, 2016, judgment in the instant case, writing in his order that although the motion judge had heard and taken Wells's motion under advisement, an assistant clerk "mistakenly and without judicial authorization" entered judgment for Wells. A judgment of dismissal issued and was entered on the docket that day. This appeal followed.
Discussion. The "actual controversy" requirement found in G. L. c. 231A, § 1, is considered a "predicate of jurisdiction." Alliance, AFSCME/SEIU, AFL-CIO v. Commonwealth, 425 Mass. 534, 536, 682 N.E.2d 607 (1997). Thus, the motion judge was entirely correct to question, sua sponte, whether Wells's complaint presented a live controversy.
As pertinent here, a declaratory judgment action may proceed only if the following conditions are met: "(a) an actual controversy *771 sufficient to withstand a motion to dismiss must appear on the pleadings; and (b) even if there is a finding of an actual controversy, a plaintiff must demonstrate the requisite legal standing to secure its resolution." Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 83, 836 N.E.2d 1123 (2005). "Accordingly, declaratory relief is reserved for real controversies and is not a vehicle for resolving abstract, hypothetical, or otherwise moot questions." Libertarian Assn. of Mass. v. Secretary of the Commonwealth, 462 Mass. 538, 547, 969 N.E.2d 1095 (2012).
An "actual controversy" exists when there is "a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation." Bunker Hill Distrib., Inc. v. District Attorney for Suffolk Dist., 376 Mass. 142, 144, 379 N.E.2d 1095 (1978), quoting from School Comm. of Cambridge v. Superintendent of Schs. of Cambridge, 320 Mass. 516, 518, 70 N.E.2d 298 (1946).
The phrase "actual controversy" is, however, to be "liberally construed." Boston v. Keene Corp., 406 Mass. 301, 304, 547 N.E.2d 328 (1989). See G. L. c. 231A, § 9. Moreover, the fact that no defendant appears to oppose an action for declaratory judgment does not compel a conclusion that there is no justiciable controversy. See Babson v. Babson, 374 Mass. 96, 103, 371 N.E.2d 430 (1977).
Here, however, Wells's complaint does not allege an actual controversy between the parties, and states no facts compelling a conclusion that one exists. Indeed, there is no allegation of any communication between the parties on this subject. The existence of a live dispute cannot be inferred purely from the Mulveys' alleged monetary default, or from Wells's unilateral intention to foreclose. We see no basis for assuming that any attempt by Wells to foreclose by sale will necessarily be challenged by the Mulveys.
As the motion judge observed, instead of seeking resolution of a live dispute, Wells is essentially seeking an advisory opinion. It appears that Wells would attempt to use such an opinion to shield itself from any potential future controversy that might arise if it *772 were to pursue a nonjudicial *490 foreclosure.[7] Wells is not entitled to such an adjudication.[8] See Duane v. Quincy, 350 Mass. 59, 61, 213 N.E.2d 250 (1966), quoting from Cole v. Chief of Police of Fall River, 312 Mass. 523, 526, 45 N.E.2d 400 (1942), appeal dismissed, 319 U.S. 581, 63 S.Ct. 1204, 87 L.Ed. 1599 (1943) ("Parties are not entitled to decisions upon abstract propositions of law unrelated to some live controversy"). See also Commissioner of Correction v. Ferguson, 383 Mass. 651, 653, 421 N.E.2d 444 (1981) (declining to answer reported question where, "[i]n effect, what the [plaintiff] seeks is an advisory opinion as to his future course of conduct").
Judgment affirmed.

Wells's complaint asserts that the Mulveys purchased the property on September 29, 2000, but the deed attached thereto as Exhibit A is dated May 28, 1992, and was recorded the following day.

As asserted in the complaint, Wells's concern about whether paragraph 20 of its mortgage successfully incorporated the statutory power of sale stems from omission of the word "statutory" before the phrase "power of sale." Recently, the Supreme Judicial Court addressed a similar question in James B. Nutter & Co. v. Estate of Murphy, 478 Mass. 664, 88 N.E.3d 1133 (2018). In holding that the only "reasonable and practical" interpretation of ambiguous language in the Nutter mortgage was that it incorporated the statutory power of sale, however, the court pointedly relied on the fact that a reverse mortgage and not a traditional mortgage (such as that granted by the Mulveys) was before it. See id. at 672, 88 N.E.3d 1133 (in reverse mortgage, "the lender cannot hold the borrower personally liable for the debt, and ... the lender's only recourse on default is to obtain repayment through a foreclosure sale").

Although the docket states this was an assessment of damages hearing, Wells sought no damages and it is clear for reasons stated infra that the hearing was, in substance, about whether a default judgment should enter.

Although Wells's counsel submitted an affidavit of compliance with Rule 9A of the Rules of the Superior Court (2016), attesting that the Mulveys were served by mail with copies of the motion for entry of a default judgment, it is unclear whether the Mulveys were notified of the date and time of the hearing on the motion.

The language set forth on the docket and the clerk's notice closely tracks the language in a proposed judgment submitted by Wells.

Other avenues are open to Wells. It could, if it chose, pursue a judicial foreclosure action. See G. L. c. 244, §§ 1, 3, and 4. We note also that Wells's complaint does not request reformation of the Mulveys' mortgage based on mutual mistake or some other ground. See Beaton v. Land Ct., 367 Mass. 385, 392, 326 N.E.2d 302, appeal dismissed, 423 U.S. 806, 96 S.Ct. 16, 46 L.Ed.2d 27 (1975).

We note that under the plain language of the declaratory judgment statute, "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons." G. L. c. 231A, § 3, inserted by St. 1945, c. 582, § 1. See National Shawmut Bank of Boston v. Morey, 320 Mass. 492, 497, 70 N.E.2d 316 (1946) (even where court had jurisdiction to award declaratory relief, "it does not follow that the petitioners were entitled to a decree as a matter of right").