## ESSEX THEATRE CORPORATION *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk.   February 5, 1974. — April 23, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Obscenity. Motion Picture. Constitutional Law,* Freedom of speech and press.

In a suit for declaratory relief a decree obtained by a theatre owner, declaring that the exhibition of certain films showing "explicit sexual congress" was, with certain provisos, constitutionally protected and enjoining the Boston Police Commissioner from prosecuting exhibiting theatre owners under G. L. c. 272, § 32, must be reversed where the controversy which formed the basis for declaratory relief no longer exists because G. L. c. 272, §§ 28A and 32, are unconstitutionally vague and unenforceable. [184] HENNESSEY and KAPLAN, JJ., concurring; BRAUCHER, J., with whom REARDON and QUIRICO, JJ., join, dissenting.

BILL IN EQUITY filed in the Superior Court on October 12, 1972.

The suit was heard by *Brogna,* J.

*Lawrence J. Ball,* Assistant Corporation Counsel, for the Police Commissioner of Boston.

*John J. Crowley* for the plaintiff.

WILKINS, J.   The plaintiff filed a bill in equity for declaratory relief against the police commissioner of the city of Boston seeking a declaration that three named motion pictures were not obscene and that their exhibition was protected under the First Amendment to the Constitution of the United States and not in violation of G. L. c. 272, § 32.

Each of the films showed "explicit sexual congress." A controversy existed between the parties because the defendant had indicated that any film which showed explicit sexual congress was obscene and a showing of it would violate G. L. c. 272, § 32. After viewing the films and hearing testimony, including evidence from experts, the judge made extensive findings and rulings in January, 1973, applying then existing constitutional law principles as he interpreted them. He ruled that the films were "not utterly without social redeeming value" and that they did not "affront the current community standards of candor in depicting sexual material." A final decree was entered declaring that the showing of the films in the downtown or entertainment district of Boston, clearly rated "X" and restricted to adult patrons, and without provocative advertising, was constitutionally protected. Additionally, the defendant was enjoined from prosecuting, as violating G. L. c. 272, § 32, any theatre owner exhibiting the films under the conditions described in the decree.

In this appeal by the defendant, concerned with future showings of the films, the parties have urged us to decide whether after the decision in *Miller* v. *California*, 413 U. S. 15 (1973), the showing of any of the films would constitute a violation of the Massachusetts obscenity statutes. Our decisions of today in *Commonwealth* v. *Horton, ante,* 164 , and in *Commonwealth* v. *Capri Enterprises, Inc., ante,* 179, which hold that G. L. c. 272, §§ 28A and 32, are unconstitutional and unenforceable, demonstrate that the controversy which was the basis of the bill for declaratory relief can no longer properly exist. There is no reason for declaratory relief or for the continuance of the order against the defendant enjoining him from prosecuting the plaintiff under G. L. c. 272, § 32, for showing any of the three films.

The final decree is reversed and a new final decree shall be entered dismissing the bill.

*So ordered.*

HENNESSEY, J. (concurring). I concur in the result and reasoning of the court's opinion and would add the com-

ments contained in my concurring opinion in *Commonwealth* v. *Horton, ante,* 164 .

KAPLAN, J., concurring, refers to his concurring opinion in *Commonwealth* v. *Horton, ante,* 164 .

BRAUCHER, J. (dissenting, with whom Reardon and Quirico, JJ., join). For the reasons stated in our dissenting opinion in *Commonwealth* v. *Capri Enterprises, Inc., ante,* 179, we do not agree that G. L. c. 272, §§ 28A and 32, are totally unconstitutional and unenforceable. This case is presented in a form which makes blanket condemnation of the statute even less appropriate than it is in the other cases. The exhibitor here obtained an injunction against prosecution for future crimes. Compare *P. B. I. C. Inc.* v. *District Atty. of Suffolk County,* 357 Mass. 770 (1970). Any lack of specificity in the statute and our past decisions can be fully remedied by granting the declaratory relief sought. We should proceed to decide the case, applying the standard of *Miller* v. *California,* 413 U. S. 15 (1973). Compare G. L. c. 272, §§ 28B-28H, relating to books.

We have examined the subsidiary findings made by the trial judge with respect to each of the three motion picture films which are the subject of this case. As to each, we conclude that exhibition in a public theatre could constitutionally be punished under G. L. c. 272, § 32, as we would construe it. We would therefore so declare and deny injunctive relief.