COMMONWEALTH *vs.* JACQUELINE A. THURESON.

Middlesex.   September 13, 1976. — November 23, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Obscenity,* Knowing dissemination of obscene matter.

Under this court's reasoning in *Commonwealth* v. *707 Main Corp., ante,*
374 (1976), the provisions of G. L. c. 272, §§ 28C-31, are constitu-
tional on their face. [389]
In proceedings under G. L. c. 272, §§ 29 and 30, the films in question
constitute sufficient evidence for a trier of fact to find obscenity,
without the introduction of expert testimony. [389]
In a criminal proceeding for knowing dissemination of obscene material
under G. L. c. 272, § 29, evidence that an employee of a store which
had machines showing obscene films had a "pretty good idea" of the
machines' contents was insufficient to support a finding of knowledge
of the contents where the employee had been employed for only a
few days at the time of her arrest and where her sole contact with
the machines was changing money for their operation. [389-391]

COMPLAINT received and sworn to in the Third District
Court of Eastern Middlesex on October 21, 1974.

On appeal to the Superior Court the case was tried be-
fore *Garbose,* J., a District Court judge sitting under statu-
tory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Charlotte Anne Perretta* for the defendant.

*Bonnie H. MacLeod-Griffin,* Assistant District Attor-
ney, for the Commonwealth.

HENNESSEY, C.J.   The defendant was found guilty by a
jury in the Superior Court after trial on a complaint that
she violated G. L. c. 272, § 29, which provides criminal
penalties for the dissemination of any matter which is
obscene, knowing it to be obscene. We conclude that the
defendant's motion for a directed verdict should have been

allowed because the evidence was not sufficient to warrant a finding beyond a reasonable doubt that the defendant had knowledge of the contents of the allegedly obscene matter.

In September, 1974, a Cambridge police officer entered a bookstore advertising peep shows, observed six machine booths in the back of the store, approached the defendant at the front of the store for change with which to operate the machines, and deposited a quarter in one machine which then showed a brief film depicting explicit sexual conduct. Returning the next day with a search warrant, the officer questioned the defendant. She told him she had "a pretty good idea" what was in the machines but had never viewed them. When the defendant claimed she did not know for whom she worked, the officer arrested her. At trial, she testified that she had been hired two or three days before her arrest to act as cashier. In her few days of employment, she worked alone in the store and performed no tasks related to the peep show machines beyond making change. She had accepted this employment over the telephone from an acquaintance, because its flexible hours . suited her needs as a mother. Although the defendant gave testimony on her understanding of "adult movies," no evidence introduced indicated that she had ever viewed the contents of the peep show machines. The trial judge denied her motion for a directed verdict for insufficient evidence on knowledge. He also denied her motion to suppress the evidence seized in which she asserted that the search warrant was issued without probable cause and authorized a general search, and he denied her request for jury instructions on the type of knowledge necessary for criminal conviction under G. L. c. 272, § 29. Thereafter the jury found the defendant guilty as charged.

The defendant contends first that G. L. c. 272, §§ 28C-31, are unconstitutional on their face. She claims that the statutory definitions of obscenity and knowledge are vague and overbroad, violating due process guaranties and chilling the right to expression, and that the disparity of proce-

dural treatment afforded books and "other matter" in
G. L. c. 272, §§ 28C-30, violates equal protection guaran-
ties. Second, the defendant argues in her motion for a di-
rected verdict that the Commonwealth failed to sustain
its burden of proof on the issues of obscenity and knowl-
edge. Third, she attacks the denial of her motion to sup-
press and the denial of her requests for jury instructions.

Our decision today in *Commonwealth* v. *707 Main
Corp.,* ante, 374 (1976), disposes of the defendant's first
contentions. In that case we held that G. L. c. 272, §§ 28C-
31, are constitutional on their face; that they give sufficient
notice of proscribed conduct; that they provide adequate
procedures for the protection of rights under the First
Amendment to the United States Constitution; and that
their distinction between books and other matter is con-
stitutionally permissible. That case and another related
case also decided today, *District Attorney for the N.
Dist.* v. *Three Way Theatres Corp., post.,* 391 (1976), dis-
pose of the contention that the prosecution failed to meet
its burden of producing evidence on the issue of obscenity.
The films themselves constitute sufficient evidence for the
trier of fact to find obscenity, without the introduction of
expert testimony on Commonwealth standards.

However, in passing on the defendant's second conten-
tion we conclude that because the Commonwealth failed
to meet its burden of proof on the issue of "knowing"
dissemination as defined in G. L. c. 272, §§ 29, 31, con-
strued in *707 Main Corp., supra,* the defendant's motion
for a directed verdict was improperly denied. Therefore,
we do not reach or decide the defendant's remaining con-
tentions, and reverse the judgment.

The prosecution must prove that a defendant had knowl-
edge of the contents of matter distributed in order consti-
tutionally to convict a defendant of criminal dissemination
of obscene materials, and may prove that knowledge by
inference. *Smith* v. *California,* 361 U.S. 147, 153-154 (1959).
The prosecution need not show that a defendant knew
matter to be legally obscene in order to sustain its burden

of proof. *Hamling* v. *United States,* 418 U.S. 87, 123 (1974).[1] See G. L. c. 272, §§ 29, 31. The prosecution need not prove by direct evidence that the defendant had knowledge of the material's contents (see *Ginsberg* v. *New York,* 390 U.S. 629, 643-644 [1968], in which reason to know of the material's contents and the buyer's age was sufficient to sustain a conviction of disseminating obscene matter to a minor).

The prosecution must produce evidence from which a jury could conclude beyond a reasonable doubt that the defendant had seen, or should have seen, or otherwise had knowledge of, the material's contents. In the present case such evidence was lacking. The defendant had worked in the bookstore for only a few days. Apparently no one called her attention to the contents of the machines at the back of the store. Her sole contact with them, a few days of changing money for their operation, was one of many tasks she had to perform. Although her statement that she had a "pretty good idea" of the machines' contents was of some significance, it does not lead reasonably to an inference that she had viewed or had reason to view, or otherwise had knowledge of, the contents. The reasonable inference from so few days' employment, that she had neither the time nor a reason to view the machines' contents, supports her testimony that she had not viewed the contents in fact. Thus, the prosecution failed to produce evidence sufficient to support a finding of her knowledge or reason to know of the films' contents. The duration of her employment, absent concrete evidence of knowledge,

---

[1] In *Hamling,* the Court said, at 123, "It is constitutionally sufficient that the prosecution show that a defendant had knowledge of the contents of the materials he distributed, and that he knew the character and nature of the materials." With this language the Court emphasized that knowledge of legal obscenity need not be shown. Rather a "general awareness" of the materials' nature must be shown, and in most cases knowledge of the contents of matter depicting hard core sexual conduct as defined in § 31 will lead ineluctably to an inference of general awareness of the matter's character. Conceivably, a defendant could lack the mental capacity to understand the nature of the matter he viewed.

necessarily raises a reasonable doubt as to the defendant's knowledge or reason to know of the machines' contents. For this reason the motion for a directed verdict should have been granted. The judgment is reversed, the verdict is set aside and a judgment of not guilty shall be entered.

*So ordered.*

KAPLAN, J., concurring in the result, refers to his dissenting opinion in *Commonwealth* v. *707 Main Corp., ante,* 374, 386 (1976), decided this day.