BUNKER HILL DISTRIBUTING, INC. *vs.* DISTRICT
ATTORNEY FOR THE SUFFOLK DISTRICT.

Suffolk. October 6, 1977. — August 11, 1978.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Declaratory Judgment. Obscenity. District Attorney.*

The declaratory judgment statute, G. L. c. 231A, could not be utilized
   by a film distributor to obtain a judicial determination as to wheth-
   er a particular film was obscene within the meaning of c. 272,
   §§ 29-31, before the film had been distributed or exhibited within
   the Commonwealth and before there had been a threat of prosecu-
   tion. [143–147]

CIVIL ACTION commenced in the Superior Court on
April 14, 1976.

A motion to dismiss was heard by *Cross*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Joan C. Schmidt* for the plaintiff.

*John F. Donovan*, Assistant District Attorney, for the
defendant.

ABRAMS, J. The sole issue presented by this appeal is
whether the declaratory judgment statute, G. L. c. 231A,
can be utilized to obtain a judicial determination whether
a particular film, "The Lives of Joanna," is obscene with-
in the meaning of the Massachusetts obscenity statute,
G. L. c. 272, §§ 29-31, before the film has been exhibited
or distributed within the Commonwealth and before
there has been a threat of prosecution.

The plaintiff appealed from the determination of a Su-
perior Court judge that the defendant's motion to dismiss
based on the ground that there is no actual controversy

between the parties should be allowed. We transferred the case from the Appeals Court on our own motion. We affirm the judgment allowing the motion to dismiss.

The plaintiff, Bunker Hill Distributing, Inc. (Bunker Hill), a Maine corporation engaged in the business of distributing films to theatres, sought a declaratory judgment that a film it proposes to distribute, "The Lives of Joanna," is not obscene within the meaning of G. L. c. 272, § 31, and an injunction restraining the defendant from instituting criminal proceedings pursuant to G. L. c. 272, § 29, or civil proceedings under c. 272, § 30. The plaintiff's complaint alleges that, while "The Lives of Joanna" contains scenes depicting explicit sexual congress, it is not obscene within the meaning of c. 272, § 31. But, because the defendant has proceeded against other distributors and exhibitors of films containing scenes of explicit sexual congress, the plaintiff expresses fear that it too may be subject to prosecution.

The defendant moved to dismiss on the ground that there was no controversy between the parties within the meaning of G. L. c. 231A, § 1.[1] In an affidavit accompanying his motion, the defendant asserted that it is the policy of the district attorney's office "never to preview films, magazines or printed matter presumptively protected by the First Amendment, nor to issue any opinions concerning such matter, nor ever to state that such matter will be subject to prosecution." Accordingly, "The Lives of Joanna" had not been viewed and the district attorney's office took "no position concerning whether or not it is obscene or whether it will be subject to prosecution." The judge ruled that no actual controversy existed between the parties and dismissed the plaintiff's complaint on that basis.[2] We therefore consider this ground.

---

[1] There is no issue before this court on whether the Attorney General should also be a party, and we therefore do not reach this issue. See G. L. c. 231A, § 8.

[2] The judge ruled as follows: "1. The Complaint at best shows a mere difference of opinion between the parties and an attempt on the part

An actual controversy within the context of G. L. c. 231A, § 1, is "a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation." *School Comm. of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 518 (1946). See *Hogan* v. *Hogan*, 320 Mass. 658, 662 (1947). Such a real dispute is not present in this case.

The district attorney has not threatened Bunker Hill with prosecution, cf. *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 425-426 (1977); *Mansfield Beauty Academy, Inc.* v. *Board of Registration of Hairdressers*, 326 Mass. 624, 626 (1951), nor has he indicated to Bunker Hill that he deems the motion picture to be in violation of G. L. c. 272, §§ 29-31, cf. *Essex Theatre Corp.* v. *Police Comm'r of Boston*, 365 Mass. 183 (1974); *Massachusetts Ass'n of Tobacco Distribs.* v. *State Tax Comm'n*, 354 Mass. 85, 87 (1968); *Sun Oil Co.* v. *Director of Div. on the Necessaries of Life*, 340 Mass. 235, 239 (1960); *Brattle Films, Inc.* v. *Commissioner of Pub. Safety*, 333 Mass. 58, 59 (1955). In fact, the district attorney has not taken and apparently does not at present contemplate taking any action against Bunker Hill under the obscenity statute. See *Duane* v. *Quincy*, 350 Mass. 59, 61 (1966); *Winch* v. *Registrar of Motor Vehicles*, 334 Mass. 271, 274 (1956). Bunker Hill does allege that "The Lives of Joanna" contains scenes of explicit sexual congress and that the action has

of the plaintiff to secure an 'advisory opinion' which would serve it as a guide to future action. 2. The circumstances attending this case (see Affidavit of Garrett H. Byrne filed with this Motion) do not plainly indicate that unless the matter is adjusted such antagonistic claims (if any there be) will almost immediately and inevitably lead to litigation."

been taken in Suffolk County against some theatre own-
ers and distributors whose films contained such scenes.
The allegation of explicit sexual congress is insufficient
and too general for a judge to conclude that an actual
controversy exists under the obscenity statute. See G. L.
c. 272, §§ 29, 31. Cf. *Essex Theatre Corp.* v. *Police Comm'r
of Boston, supra.*

We conclude, therefore, that Bunker Hill's request for
relief is no more than a request for an advisory opinion.
"Parties are not entitled to decisions upon abstract propo-
sitions of law unrelated to some live controversy. . . . This
rule applies with special force where an adjudication is
sought upon the constitutionality of some statute or ordi-
nance as 'it is almost the undeviating rule of the courts,
both state and Federal—not to decide constitutional ques-
tions until the necessity for such decision arises in the
record before the court.' " *Cole* v. *Chief of Police of Fall
River,* 312 Mass. 523, 526 (1942), appeal dismissed sub
nom. *Cole* v. *Violette,* 319 U.S. 581 (1943), quoting from
*Baker* v. *Grice,* 169 U.S. 284, 292 (1898).

The cases in which an actual controversy concerning
criminal statutes has been found generally involved con-
stitutional challenges to the facial validity of legislation
or to its validity as applied to a class of persons similarly
situated. See *First Nat'l Bank* v. *Attorney Gen.,* 371 Mass.
773, 781 (1977), rev'd on other grounds sub nom. *First
Nat'l Bank* v. *Bellotti,* 438 U.S. 907 (1978); *Mobil Oil Corp.*
v. *Attorney Gen.,* 361 Mass. 401, 405-406 (1972); *Common-
wealth* v. *Baird,* 355 Mass. 746, 755 (1969), cert. denied,
396 U.S. 1029 (1970; *Massachusetts Chiropractic Lay-
men's Ass'n, Inc.* v. *Attorney Gen.,* 333 Mass. 179 (1955),
appeal dismissed, 351 U.S. 916 (1956). We have already
rejected any claim that the obscenity statute is unconsti-
tutional on its face. *Commonwealth* v. *707 Main Corp.,*
371 Mass. 374 (1976). *Commonwealth* v. *Thureson,* 371
Mass. 387 (1976). *District Attorney for the N. Dist.* v.
*Three Way Theatres Corp.,* 371 Mass. 391 (1976). *Common-
wealth* v. *Trainor,* 374 Mass. 796 (1978). We have clearly

held that G. L. c. 272, §§ 28C-31, satisfies constitutional requirements for procedural protection of First Amendment rights, that the statutory definition of obscenity is sufficiently specific to provide adequate notice of proscribed conduct, and that the definition minimizes any chilling effects inherent in obscenity regulation. The plaintiff's complaint thus raises no question concerning facial invalidity which requires relief. Therefore we conclude that the judge was correct in determining that the obscenity vel non of the plaintiff's film would best be resolved in a criminal proceeding when and if the Commonwealth decided to prosecute.[3]

We think that this case is similar to those in which injunctive rather than declaratory relief is sought against criminal prosecutions either pending or threatened. In that class of cases we have held that such relief should be denied unless it is clear "that unless relief is granted a substantial right of the plaintiff will be impaired to a material degree; that the remedy at law is inadequate; and that injunctive relief can be applied with practical success and without imposing an impossible burden on the court or bringing its processes into disrepute." *Kenyon* v. *Chicopee*, 320 Mass. 528, 534 (1946). See *Norcisa* v. *Selectmen of Provincetown*, 368 Mass. 161, 168 (1975). The complaint in this case fails to meet these criteria. "Simply that one is in business and may be injured in respect of his business by prosecution for an alleged crime, is no sufficient reason for asking a court of equity to ascertain in advance whether the business as conducted is in violation of a penal statute." *Shuman* v. *Gilbert*, 229 Mass. 225, 230 (1918). See *Norcisa* v. *Selectmen of Provincetown, supra.* Cf. *Attorney Gen.* v. *Kenco*

---

[3] The result reached by the judge is consistent with the legislative scheme which requires that a civil proceeding first be commenced against a book before any criminal proceedings may be instituted (see G. L. c. 272, §§ 28C-28I; *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366 (1977), but does not require that a criminal prosecution of a film be so anticipated.

*Optics, Inc.*, 369 Mass. 412, 415 (1976). Thus the same considerations which preclude equitable and injunctive relief where there is a single pending prosecution apply with equal vigor to this complaint. See *Norcisa* v. *Selectmen of Provincetown, supra.*

Finally, application of criminal statutes in the first instance generally lies with the public prosecutor. He cannot be compelled to render advisory opinions, at the behest of private citizens, cf. 1 K.C. Davis, Administrative Law § 4.10, at 276 (1958), or to prosecute, see *Manning* v. *Municipal Court of the Roxbury Dist.*, 372 Mass. 315, 318 (1977); cf. *United States* v. *Cox*, 342 F.2d 167 (5th Cir.), cert. denied sub nom. *Cox* v. *Hauberg*, 381 U.S. 935 (1965). Permitting declaratory or injunctive relief in the absence of a threat of enforcement removes control of litigation from the prosecutor and subjects limited prosecutorial resources to allocation, not through the judgment of the appropriately elected official, the district attorney, but at the instigation of insular interests.

*Judgment affirmed.*