ALLSTON FINANCE COMPANY, INC. *vs.* COMMISSIONER OF BANKS. February 5, 1980. If we assume that the record discloses an "actual controversy" within the meaning of G. L. c. 231A, § 1, as to whether the Commissioner is obliged to afford the plaintiff an "adjudicatory" (see G. L. c. 30A, § 1 [1] and [3]) or other type of hearing prior to making any determination under the first sentence of the second paragraph of G. L. c. 255C, § 6 (inserted by St. 1964, c. 727, § 1), to release to the public any information which has been obtained from the plaintiff and which is subject to § 6, we must conclude that the controversy is academic (see *Commissioner of the Dept. of Community Affairs* v. *Medford Housing Authy.*, 363 Mass. 826, 832 [1973]), and consequently that the plaintiff lacks standing to pursue it. See *Massachusetts Assn. of Independent Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292-293 (1977). The reason for our conclusion is that there is nothing in the record to suggest that the Commissioner had disclosed or authorized the disclosure of any such information or that he intends to make or authorize any such disclosure in the future. The judgment is vacated, and a new judgment is to be entered which dismisses the action.

*So ordered.*

*Owen Gallagher* for the plaintiff.
*Robert J. Gaines*, Assistant Attorney General (*Jonathan Brant*, Assistant Attorney General, with him) for the defendant.