JEFFERSON CONSTRUCTION CORP. vs. COMMONWEALTH.

Suffolk.   January 8, 1982. — May 5, 1982.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Declaratory proceeding. *Declaratory Judgment.*

A complaint by an unsuccessful bidder for contract work on a public
   construction project, by which the plaintiff sought a declaratory judg-
   ment to the effect that it was a responsible bidder, did not allege an
   "actual controversy" for which relief under G. L. c. 231A, § 1, was
   appropriate. [143-144]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 13, 1980.

The case was heard by *Doerfer, J.*

After review was sought in the Appeals Court, the
Supreme Judicial Court ordered direct appellate review on
its own initiative.

*Philip M. Cronin (Roger D. Matthews* with him) for the
plaintiff.

*Richard E. Rafferty,* Assistant Attorney General, for the
Commonwealth.

O'CONNOR, J.   In the spring of 1980, Jefferson Construc-
tion Corp. (Jefferson) was the second lowest bidder for the
general contract work for the "Campus House" at the
Wrentham State School.   After disqualifying the lowest bid-
der, the Commonwealth, through the director of the
bureau of building construction, found Jefferson not
"responsible" within the meaning of G. L. c. 149, § 44A, as
then amended through St. 1967, c. 899, and awarded the
contract to the third lowest bidder.   Jefferson brought this
action in the Superior Court seeking a mandatory injunction
awarding it the contract, monetary damages, and a declara-
tory judgment that it was a "responsible" bidder.   Jefferson

subsequently waived its claim for damages in the Superior Court. After trial, the trial judge determined that Jefferson's bid was lawfully rejected, and judgment was entered in favor of the Commonwealth. Jefferson appeals. We transferred the case to this court on our own motion.

Jefferson no longer seeks any relief with respect to the Wrentham contract. Nevertheless, Jefferson seeks review of the judge's determination that the director lawfully rejected its bid, contending that the director's finding of lack of responsibility, sustained by the judge, will adversely affect Jefferson's ability to obtain future State construction contracts. Jefferson's concern appears to be due, in part, to the director's testimony in the Superior Court that he would disqualify Jefferson with respect to contracts subsequent to the Wrentham contract if Jefferson were low bidder. Jefferson's theory that the director's decision will somehow taint future proceedings is speculative, and provides no basis for judicial relief.

"The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . . ." *Caputo* v. *Board of Appeals of Somerville*, 330 Mass. 107, 111 (1953), quoting from *Mills* v. *Green*, 159 U.S. 651, 653 (1895). "An actual controversy within the context of G. L. c. 231A, § 1, is 'a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation.' *School Comm. of Cambridge* v. *Superintendent of Schools of Cambridge*, 320 Mass. 516, 518 (1946). See *Hogan* v. *Hogan*, 320 Mass. 658, 662 (1947)." *Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.*, 376 Mass. 142, 144 (1978).

Jefferson does not assert that in the future it will be the low responsible bidder on any public construction contracts, nor is there anything in the record to indicate that in the future there will be noncompliance with the procedures for disqualifying bidders. These procedures did not exist when the Wrentham contract was awarded, but are now mandated by G. L. c. 149, § 44D, as appearing in St. 1980, c. 579, § 55.

Jefferson contends that it has been effectively debarred from bidding on future public construction contracts. Debarment means "exclusion from public contracting or subcontracting for a reasonable, specified period of time not to exceed five years." G. L. c. 149, § 44C (1), as appearing in St. 1980, c. 579, § 55. The director's determination, made in 1980, does not debar Jefferson from bidding on future contracts. There is nothing in the record indicating that debarment or attempted debarment is likely.

There is no reason for us to conclude that there are antagonistic claims that will almost immediately and inevitably lead to litigation between Jefferson and the Commonwealth. To the extent that any controversy exists between the parties, it is nonjusticiable. See *Allston Fin. Co.* v. *Commissioner of Banks*, 9 Mass. App. Ct. 839 (1980).

*Judgment vacated.*

*Complaint dismissed.*