Hinkle, J.
The plaintiff, Boston Gas Company (“Boston Gas”), seeks a declaratory judgment that the City of Somerville Ordinance No. 12-20 (“the Ordinance”) is void or invalid as applied to Boston Gas. Boston Gas has moved for summary judgment, contending the Ordinance is preempted by state and federal statutes and regulations (Count III), interferes with a nondele-gable duty (Count IV), and interferes with the statutory allocation of liability for defects in public ways (Count V).[1] The defendant, the City of Somerville (“Somer-ville”), has also moved for summary judgment. For the reasons stated below, the plaintiffs motion for summary judgment is DENIED, and the defendant’s motion for summary judgment ALLOWED.
BACKGROUND
Boston Gas excavates streets and sidewalks to maintain its underground gas distribution system for its approximately 8,100 customers in Somerville.
The Somerville Board of Aldermen passed, enrolled and ordained the Ordinance on February 14, 1991, which Mayor Michael Capuano approved on February 21, 1991. Somerville postponed enforcement of the Ordinance until June 7, 1992.
The Ordinance regulates asphalt street and sidewalk openings in Somerville. The Ordinance requires Boston Gas when it makes street openings to use and pay directly a contractor designated by the city for all patching, paving and repair work. The Ordinance contains specific provisions regulating Boston Gas with regard to backfilling and compacting excavated areas.
DISCUSSION
Boston Gas contends that provisions of the Ordinance relating to backfilling and compaction standards are preempted by state and federal statutes and regulations. Specifically, Boston Gas asserts that the provisions of the Ordinance conflict with G.L.c. 164, §§70 and 105A; 220 Code Mass. Regs. §§69.12 and 101.06(12) (Massachusetts Department of Public Utilities (“DPU”) regulations); and 49 Code Fed. Reg. §§192.319 and 192.327 (federal Department of Transportation (“DOT”) regulations). After reviewing these statutes and regulations, I find that their provisions are not in conflict with the Ordinance, and that the Ordinance is not preempted.
A city or town may adopt local ordinances to exercise “any power or Junction which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court by §8 of the Home Rule Amendment. . .” Mass. Const. Art. Amend. 2, §6, as amended by art. 89; G.L.c. 43B, §13. (Emphasis supplied.) Under Section 6 of the Home Rule Amendment, a municipal ordinance is “not inconsistent” with laws enacted by the Legislature unless the “legislative intent to preclude local action [is] clear,” or the legislation explicitly forbids the adoption of such an ordinance. Wendell v. Attorney General, 394 Mass. 518, 523-24 (1983). If the state legislative purpose can be achieved despite a local ordinance on the same subject, then the ordinance is “not inconsistent” with the state legislation.
Somerville has a right to regulate excavations under the provisions of G.L.c. 164. Section 70 requires that Boston Gas receive prior written permission before excavating. G.L.c. 164, §70 (gas company “may [excavate] with the written consent of the selectmen"). Section 75 also authorizes the selectmen to “regulate, restrict or control all acts or doings [of Boston Gas] which may in any manner affect the health, safety, convenience or property of the inhabitants of their towns.” G.L.c. 164, §75. None of the state or federal regulations cited by Boston Gas contradict or interfere with this express intent of the Legislature to allow municipalities to regulate asphalt excavations. In fact, 49 Code Fed. Regs. §192.327(d) explicitly recognizes that municipalities may also issue regulations concerning excavations. Thus, Count III is appropriate for summary judgment in favor of the City.
Boston Gas contends in Count IV that the provisions of the Ordinance interfere with its obligation to put “all streets, lanes, and highways in as good a repair as when they were opened.” G.L.c. 164, §70. Boston Gas claims that Somerville interferes by requiring that Boston Gas use and pay directly a contractor selected by Somerville. In addition, under the Ordinance Boston Gas must repair excavations according to Ordinance specifications which Boston Gas contends differ from DPU regulations. DPU regulations require gas piping systems to be in compliance with DOT regulations. 220 Code Mass. Regs. §§69.12 and 101.06(12). Nothing in state or federal law conflicts with or prevents Boston Gas from carrying out its duties under G.L.c. 164, §70. Boston Gas can hire its own subcontractors to meet its duty under G.L.c. 164, §70, or it can be required by Somerville to use Somerville’s designated contractor. Thus, summary judgment in favor of Somerville is appropriate on Count V.
*348 Boston Gas also alleges that the Ordinance interferes with the statutorily prescribed allocation of liability for excavation under a variety of statutes. For example, Boston Gas argues in its brief that “if a gas company fails to discharge its obligation under G.L.c. 164, §70, if injury results to persons or their property, and, further, if damages for such injury are recovered against the town, the gas company may be liable to compensate the town for such damages [under G.L.c. 164, §74].” (Emphasis supplied.) Boston Gas has raised no claim of having been sued under G.L.c. 164, §70. Declaratoryjudgments are appropriate only when there is an “actual controversy.” G.L.c. 231A, §1. This is not such a case. Nor is this a situation where, unless the matter is adjudicated now, “antagonistic claims will almost immediately and inevitably lead to litigation.” Bunker Hill Distributing Inc. v. District Attorney for the Suffolk District, 376 Mass. 142, 144 (1978). Accordingly, I decline to offer an advisory opinion.
ORDER
It is therefore ORDERED that the plaintiffs motion for summary judgment is DENIED, and the defendant’s motion for summary judgment is ALLOWED. The complaint is hereby DISMISSED.

 Boston Gas has waived Counts I, II and VI.