Gay & Lesbian Advocates & Defenders *v.* Attorney General.

Gay & Lesbian Advocates & Defenders & others[1] *vs.*
Attorney General & others.[2]

Suffolk. December 3, 2001. - February 21, 2002.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Practice, Civil,* Declaratory proceeding. *Unnatural and Lascivious Act.*

This court provided clarification that its holdings in *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302 (1974), and *Commonwealth* v. *Ferguson*, 384 Mass. 13, 16 (1981), concerning acts conducted in private between consenting adults, extend to G. L. c. 272, § 34. [133-134]

The declaratory judgment statute, G. L. c. 231A, could not be utilized by certain plaintiffs, against whom no criminal charges were pending, to obtain a judicial determination that G. L. c. 272, § 34, prohibiting the "abominable and detestable crime against nature," and G. L. c. 272, § 35, prohibiting "any unnatural and lascivious act with another person," violated their rights to privacy, equality, free expression, and freedom from cruel or unusual punishment guaranteed by the Massachusetts Declaration of Rights, where there was no actual controversy. [134-136]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on July 12, 2000.

The case was reported by *Greaney,* J.

*Jennifer L. Levi* (*Scott D. Pomfret* with her) for the plaintiffs.

*James J. Arguin,* Assistant Attorney General (*Pamela L. Hunt,* Assistant Attorney General, with him) for the defendants.

The following submitted briefs for amici curiae:

*Peter F. Zupcofska & Daniel J. Jackson* for Massachusetts Psychological Association & others.

*William N. Eskridge, Jr.,* of Connecticut, for Massachusetts Lesbian & Gay Bar Association & others.

*Jack T. Fredyma,* pro se.

---

[1] John Doe, Mark Merante, Adrien Saks, Sue Hyde, Justin Deabler, Beth Jacklin, Carl Koechlin, N. Tyson Smith-Ray, and Tim Smith-Ray.

[2] The district attorney for the Northern district and the district attorney for the Suffolk district.

*Sarah R. Wunsch, David Plotkin, Carlynn Magliano, & Erica Templeton* for American Civil Liberties Union of Massachusetts.

IRELAND, J. The plaintiffs challenge two provisions of the Commonwealth's "Crimes against Chastity, Morality, Decency and Good Order," which prohibit the "abominable and detestable crime against nature," G. L. c. 272, § 34, and "any unnatural and lascivious act with another person," G. L. c. 272, § 35.[3] They claim that these laws violate the rights to privacy, equality, free expression, and freedom from cruel or unusual punishment guaranteed by the Massachusetts Declaration of Rights. No charges are pending against any of the plaintiffs; they bring this challenge under the Declaratory Judgment Act, G. L. c. 231A (Act). The plaintiffs filed a complaint before a single justice of this court, who reserved and reported the case to the full court. Because there is no actual controversy, we remand the case to the county court for dismissal of the complaint.

The defendants — the Attorney General and the district attorneys for the Northern and Suffolk districts — stipulated that their offices will not prosecute anyone under the challenged laws absent probable cause to believe that the prohibited conduct occurred either in public or without consent. This stipulation comports with the law: *Commonwealth* v. *Balthazar*, 366 Mass. 298, 302 (1974), established that "consensual conduct in private between adults is not prohibited by § 35." *Commonwealth* v. *Ferguson*, 384 Mass. 13, 16 (1981), quoting *Commonwealth* v. *Scagliotti*, 373 Mas. 626, 628 (1977), explained that the purpose of § 35 is "to prevent the 'possibility that the defendant's conduct might give offense to persons present in a place frequented by members of the public' . . . . However, the statute is not designed to punish persons who desire privacy and who take reasonable measures to secure it." This rationale applies equally to the "crime against nature," and we now clarify that our holdings in the *Balthazar* and *Ferguson* cases concern-

---

[3]Our cases have construed the "crime against nature" to mean sodomy, encompassing anal penetration and bestiality, see *Commonwealth* v. *Gallant*, 373 Mass. 577, 587 (1977), and "unnatural and lascivious act[s]" to include oral-genital and oral-anal contact, see *Commonwealth* v. *Balthazar*, 366 Mass. 298, 303 (1974).

ing acts conducted in private between consenting adults extend to § 34, as well.

With the exception of Gay & Lesbian Advocates & Defenders (GLAD),[4] the plaintiffs are adults who have engaged in consensual acts of the type covered by the challenged laws in places that they believe are private but fear might be construed as public. These places include their residences, where their actions may be visible from nearby residences or to passersby; wooded outdoor areas; vehicles parked in a parking lot; and secluded areas of public beaches. They fear arrest and prosecution, and the attendant consequences for their careers and personal lives. Of the plaintiffs, only John Doe has ever been arrested for violating either of the challenged laws, and the Commonwealth nol prossed that charge.

The Act provides that this court "may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen." G. L. c. 231A, § 1. Although the Act's purpose is remedial and it is to be liberally construed, G. L. c. 231A, § 9, if there is no actual controversy, then declaratory relief is not available. See *Wakefield* v. *Attorney Gen.*, 334 Mass. 632, 635 (1956). An actual controversy exists where there is:

> "a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation."

---

[4]GLAD is an organization dedicated to the legal rights and interests of lesbians, gay men, and bisexuals, and seeks to challenge the constitutionality of the challenged laws on behalf of its donors and members to spare them the stigma associated with being charged with violating these laws. Because of our disposition of this case, we need not address GLAD's claim to representative standing. See *Slama* v. *Attorney Gen.*, 384 Mass. 620, 624 (1981) ("Representative standing is generally limited to cases in which it is difficult or impossible for the actual rightholders to assert their claims").

*Bunker Hill Distrib., Inc.* v. *District Attorney for the Suffolk Dist.*, 376 Mass. 142, 144 (1978) (*Bunker Hill*), quoting *School Comm. of Cambridge* v. *Superintendent of Sch. of Cambridge*, 320 Mass. 516, 518 (1946).

In *Bunker Hill, supra*, prior to exhibition, distribution, or any threat of prosecution, the plaintiff sought a declaration that a film was not obscene and that it would not be subject to prosecution if it exhibited or distributed it. Although the plaintiff had alleged that the film depicts "explicit sexual congress," and that some theatre owners and distributors of films depicting such scenes had been prosecuted, the allegations were "insufficient and too general for a judge to conclude that an actual controversy exists under the obscenity statute." *Id.* at 144, 145. The request for declaratory relief was denied as nothing more than a request for an advisory opinion, to which parties are not entitled. See *id.* at 145, and cases cited.

The parallel between *Bunker Hill* and the present case is compelling. The only potentially disputed issue in this case is whether the plaintiffs' conduct occurs in public or in private. Because a "place may be public at some times and under some circumstances, and not public at others," *Commonwealth* v. *Ferguson, supra* at 16, such determinations are for a fact finder. See *Commonwealth* v. *Scagliotti*, 373 Mass. 626, 628-629 (1977). The "essential query" for determining whether the prohibited acts occur in public is:

> "whether the defendant intended public exposure or recklessly disregarded a substantial risk of exposure to one or more persons. . . . Conduct is not established as public merely because another person actually observes the conduct. . . . The Commonwealth must prove that the likelihood of being observed by casual passersby must have been reasonably foreseeable to the defendant, or stated otherwise, that the defendant acted upon an unreasonable expectation that his conduct would remain secret." (Citations omitted.)

*Commonwealth* v. *Ferguson, supra*. The plaintiffs' stipulation that they commit these acts in their residences, vehicles parked in a parking lot, wooded outdoor areas, and secluded areas of public beaches, is too general to permit us to conclude that

there is an actual controversy over whether the location of their conduct is public or private. See *Bunker Hill, supra* at 144-145. See also *Commonwealth* v. *Ferguson, supra* at 17-19 (suggesting kinds of evidence that would support finding on public or private nature of venue).

The plaintiffs argue that they have met the actual controversy requirement simply by bringing a facial challenge to the validity of the statutes, relying on *District Attorney for the Suffolk Dist.* v. *Watson*, 381 Mass. 648, 659 (1980). Their reliance is misplaced. In *Watson*, the statute at issue provided for capital punishment and the defendants were four men awaiting trial for murder in the first degree, at risk of being put to death. *Id.* at 649-650. There was no question that an actual controversy existed in that case. See *id.* at 660. See also *Benefit* v. *Cambridge*, 424 Mass. 918, 921-922 (1997) (real dispute exists where plaintiff arrested numerous times and subject to continuing likelihood of prosecution); *Commonwealth* v. *Baird*, 355 Mass. 746, 755 (1969) (defendant's arrest and prosecution demonstrated actual controversy such that Act would have been available). Cf. *Bunker Hill, supra* at 145 (affirming dismissal of challenge to obscenity statute under Declaratory Judgment Act for lack of actual controversy).

We remand the case to the county court for dismissal of the complaint.

*So ordered.*