Ostrach, Stephen, J.
This case involves a dispute over a vacancy in the position of Town Administrator for the Town of Webster. Plaintiffs, the Town Administrator Screening Committee and the Finance Committee of the Town of Webster and ten taxpayers from the town seek, pursuant to Mass.R.Civ.P. 65, to have the temporary restraining order issued by the Court on September 26 against the defendants, the Board of Selectmen of Webster, converted to a preliminary injunction. A non-evidentiaiy hearing on that application was held on October 3, 2005.

*153
Factual Background

The following facts appear to be undisputed and are taken from the parties’ affidavits and the unverified[1] Complaint.
In February of this year a vacancy arose in the position of Town Administrator for the Town of Webster. In April the Board of Selectmen (Board) appointed Dana Kennan interim Administrator for a three-month term. Pursuant to Section 70.3 of the Town bylaws, a screening committee (Committee) was established to solicit, receive and evaluate applications for the position of Administrator. The Committee was organized on April 19. Pursuant to Section 70.3.3 of the Town bylaws, the Committee was required to submit to the Board by September 17 the names of no less than three or more than five persons it believes to be best suited to perform the duties of Administrator. On April 25, the Committee set a deadline of June 17 for receipt of applications for the position of Town Administrator. The Committee’s last scheduled interview of those who had applied for the position was held on July 19. On July 20, the Chairman of the Board requested the Committee to reopen the process to receive additional resumes, but on July 26, the Committee refused and voted to submit the names of four candidates to the Board. On July 27, over a month after the deadline set by the Committee, and after the Committee had settled on four recommendations, Mr. Kennan submitted his application and resume. On August 4, the Committee’s Chair notified the Committee by email that Mr. Kennan had applied for the position. On August 16, the Committee unanimously declined to accept Mr. Kennan’s application because it was “received 40 days after the deadline date.” The Committee’s recommended names were presented to the Board on August 22. At that August 22 meeting the Board voted to add Mr. Kennan’s name to the list of candidates for the position of Administrator. On September 17, the Board interviewed Mr. Kennan and one of the individuals recommended by the Committee.[2] At the conclusion of that meeting the Board voted to appoint Mr. Kennan as permanent Town Administrator. This action was filed on September 26. On the same date Judge Agnes issued a temporary restraining order which enjoined the Board from taking “any further action towards the appointment, employment or otherwise contracting with Mr. Kennan for services as Town Administrator . . .” By agreement of the parties, that Order was continued at the hearing on October 3 while this matter remained under advisement.

Issues of Law

The parties agree on the appropriate standard for issuance of a preliminary injunction. Unlike the situation where only private parties are involved and irreparable injury is the touchstone, see Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980), where, as here, suit is brought by a unit of government, or by a private party acting in the name of a public right, the Court must consider whether there is a likelihood of success on the merits and then determine whether the requested relief would promote the public interest or, at least, whether it would not adversely affect the public. See Edwards v. City of Boston, 408 Mass. 643, 646-47; Commonwealth v. Mass CRINC, 392 Mass. 79, 89 (1984).
Defendants challenge plaintiffs’ likelihood of success both procedurally and substantively. On the procedural level they contend that this is not a proper “ten taxpayer” action under G.L.c. 40, §53 and that there is not a sufficient controversy to trigger the Declaratory Judgment Act, G.L.c. 231A.[3] While neither objection is without merit, at least for purposes of obtaining preliminary relief I believe that (1) the Board’s intent to enter into a three-year contract with Mr. Kennan would “incur obligations” for purposes of the ten taxpayer law; and (2) the present dispute over the roles of the Board and Committee under Webster’s bylaws in filling the Administrator vacancy is an “actual controversy.” See Bunker Hill Distrib., Inc. v. District Attorney, 376 Mass. 142, 144 (1978).
Resolution of the substantive issue in this case requires harmonizing two provisions of the Webster Town Charter. Section 3-2(b) provides in part: “The executive powers of the town shall be vested in the board of selectmen which shall be deemed to be the chief executive office of the town.” Section 4.1 provides in part: “The board of selectmen shall appoint a town administrator from a list prepared by a screening committee established by by-law, if any." The problem presented by this case is that the Committee did not forward to the Board the name of a candidate the Board believes qualified and the list of recommended candidates has now dwindled to just one. Thus if the Board must appoint a candidate from the approved list, it would have no choice and, the Board argues, its executive function of appointment would have been usurped.
Nonetheless, the language of Section 4.1 is clear — - being on a list prepared by a properly appointed screening committee is a prerequisite to appointment as permanent Town Administrator. I conclude therefore that it is likely that on the merits the Court will conclude that Section 4.1 prevents the Board from appointing Mr. Kennan (or anyone else) to the permanent position of Town Administrator unless and until his name appears on a list prepared by a screening committee.[4] The Board’s legitimate concern about usurpation of its executive functions can be accommodated by recognizing that section 4-1 is a limitation, not an affirmative command. That is, if the Board does appoint someone, he or she must have been on the Committee’s list. But nothing in 4-1 requires the Board to accept the list it is given if, as is the case here, it finds either the process or the particular candidates unacceptable. At argument, counsel for the Commit *154 tee conceded that when Mr. Kennan’s second, and final, temporary appointment expires in a few weeks, the Board could conclude that a new vacancy exists and the Town could reconstitute a new screening committee pursuant to its bylaws. Furthermore, while it need not be decided today, there seems to be no reason why, if the Board deems it appropriate, it could not offer Mr. Kennan a new temporary appointment to fill that new vacancy.
Finally the Court must consider how the relief requested by plaintiffs might affect the public interest. Commonwealth v. Mass. CRIINC, 392 Mass. 79, 89 (1984). The relief sought by plaintiffs is, in the Court’s judgment, in the public interest because it would do no more than maintain the status quo. As just discussed, if the requested injunction were entered the Board would retain the power to have a temporary administrator of its choice[5] while avoiding the fait accompli of a permanent administrator with a three-year contract who had not successfully navigated the detailed and specific screening committee process called for by the Town Charter.
I find therefore that the plaintiffs have demonstrated a likelihood of success on the merits and that the public interest favors the relief they seek.

ORDER

For the reasons stated, it is hereby ORDERED that, pending final resolution of this action after a trial on the merits:
Defendants, the Board of Selectmen of Webster, Massachusetts, are hereby enjoined from taking any further action toward the appointment, employment or otherwise contracting with Mr. Dana W. Kennan, for services as a permanent Town Administrator unless his name appears on a list which has been prepared by a screening committee established pursuant to Webster town bylaws. This Order does not prevent Defendants from, in their discretion, giving Mr. Kennan a temporary appointment to fill any vacancy in the position of Administrator which might occur in the future.

 At the hearing defendants’ counsel waived any objection to the lack of formal affidavits.

 Apparently three of the four persons the Committee recommended have now dropped out of the process.

 The Board also claims that the Committee’s allegedly improper failure to consider Mr. Kennan’s application “forced” the Board to include Mr. Kennan’s name in the pool of candidates and that the Committee should be equitably estopped from receiving the injunctive relief it seeks. Equitable estoppel is rarely, if ever, invoked against a public agency and the Board is not a “person” who could show the required “detrimental reliance.”

 A fortiori, the Board would seem to be precluded from entering into a three-year contract with Mr. Kennan at this time. See also Webster Charter, Section 4-1, 2nd sentence {‘The board of selectmen shall appoint the town administrator to serve for an indefinite term and shall fix the compensation for such person, annually, with the amount appropriated by the town”).

 It is therefore necessary to clarify that the Board is not at this time enjoined from making a temporary appointment of Mr. Kennan to fill a new vacancy or from appointing him on a permanent basis if he is subsequently recommended by a screening committee.