Muse, Christopher J., A.J.
On May 8, 2003, Jamie Banks purchased Lot 1A, an undeveloped parcel in Woods Hole, from Anne Zevin. On September 8, 2003, the plaintiffs, Robert and Marianne Fricke, purchased Lot IB, a property containing a residential structure, from Zevin. Lot IB abuts Lot 1A. The deed to Banks for Lot 1A contained the following residential restriction:
2. No tree with breast height trunk of 8" or more shall be cut down or removed on Lot 1A except within seventy (70) feet of the easterly boundary of Lot 1A or except as necessary for the safety or due to disease as determined by a qualified arborist.
In April 2005, Banks, via defendant Douglas Brown, submitted an application for a building permit to the Town of Falmouth Building Department seeking to construct a residential home on Lot 1A.[3] On April 11,2005, the Department issued a building permit for Lot 1A. Defendant Botelho was retained for the construction.
In order to begin construction, several trees, including a thirty-five foot Norway Spruce, located on Lot 1A were marked for removal. The Norway Spruce has a breast height trunk diameter of more than eight inches and is located within seventy feet of the easterly borderline.[4] In an attempt to enforce the aforementioned deed restriction, the plaintiffs filed the present action. Subsequently, Banks amended the building plan. The parties agree that the construction plan set forth in the amended plan does not require the removal of any trees. The plaintiffs, however, remain concerned that: (1) construction could proceed in such a way as to intentionally, over time, cause harm to the health of the trees or (2) Banks could sell the house and the new owners will present a new building plan that threatens the trees.

DISCUSSION

Banks argues that this court should dismiss the Amended Complaint as moot because there is no longer an actual controversy. See Galipault v. Wash Rock Investments, LLC, 65 Mass.App.Ct. 73, 84 (2005) (requiring actual controversy for standing in declaratory judgment action). The plaintiffs essentially argue in response that what is past is prologue, i.e. that the present amended plan is only a temporary respite from litigation, the controversy is likely to reoccur, and that a permanent resolution of the meaning of the aforementioned deed restriction is necessary.[5] Thus, the matter before this court is whether a case is moot due to the temporary absence of an actual controversy when there is a strong likelihood that the controversy will reoccur.
Massachusetts courts liberally construe the actual controversy requirement of G.L.c. 231A, § 1. Boston v. Keene Corp., 406 Mass. 301, 304 (1989), citing Massachusetts Ass’n of Independent Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 293 (1977). The pleading need only set forth a real dispute concerning a legal relation, which if not resolved will likely lead to litigation identical to the present subject matter. Gay & Lesbian Advocates & Defenders v. Attorney General, 436 Mass. 132, 134-35 (2002); Keene Corp., 406 Mass. at 304, citing Hogan v. Hogan, 320 Mass. 658, 662 (1947). The purpose of this liberal standard of review is to afford relief from uncertainly and insecurity with respect to legal relations. Keene Corp., 406 Mass. at 304-05.
*276 In the present case, there is substantial uncertainty as the to the import of deed restriction. Although Banks has temporarily foresworn her intent to remove the aforementioned trees, she continues to: (1) have a personal stake in the matter; and, (2) assert a right to remove the trees. Cf. Blake v. Massachusetts Parole Bd., 369 Mass. 701, 703 (1976) (“Ordinarily, litigation is considered moot when the parly who claimed to be aggrieved ceases to have a personal stake in its outcome”). At any point, Banks could, if she so desired, advance a construction plan that requires removal of the trees. Alternatively, Banks could sell the properly to a third parly, who would not be bound by the present plan. The facts presented in the Complaint suggest that these are realistic possibilities. Absent a ruling by this court, one of these two scenarios may occur, necessitating subsequent litigation identical to the present controversy.
At the time the Frickes filed their Complaint, there was an actual controversy. Banks’ subsequent actions may just be a means of evading judicial review. Final judgment will immediately and effectively resolve the rights of the parties. The matter, therefore, is not moot. Banks’ Motion to Dismiss is denied.

ORDER

For the reasons stated herein, Banks’ Motion to Dismiss is DENIED.

 The architectural plan and site plan accompanying the application indicated that several trees, including a thirty-five-foot Norway Spmce Tree would need to be removed to facilitate construction.

 Altllough the plaintiffs’ Complaint states that there is at least one tree meeting these two conditions, only the Norway Spmce is described in detail.

 The meanings of the other restrictions are obvious on their face.