NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-554

DONNA M. PERELLA

vs.

UNITED SITE SERVICES NORTHEAST, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The employer, United Site Services Northeast, Inc., appeals from an order of a Superior Court judge granting the former employee, Donna M. Perella, a preliminary injunction, enjoining the employer from enforcing a noncompete provision in an employment agreement.  Concluding that the former employee met the requirements under the declaratory judgment act and that the motion judge acted within her discretion in granting a preliminary injunction, we affirm.

1.  Actual controversy.  A plaintiff seeking a declaratory judgment pursuant to the declaratory judgment act, G. L. c. 231A, § 1, must "demonstrate the existence of an actual controversy, as well as 'the requisite legal standing to secure its resolution.'"  Kligler v. Attorney Gen., 491 Mass. 38, 44 (2022), quoting Entergy Nuclear Generation Co. v. Department of

Envtl. Protection, 459 Mass. 319, 326 (2011).  A party demonstrates the existence of an actual controversy by showing that there is:

> "a real dispute caused by the assertion by one party of a legal relation, status or right in which [that party] has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation."

John Moriarty & Assocs., Inc. v. Zurich Am. Ins. Co., 102 Mass. App. Ct. 474, 484-485 (2023), quoting Gay & Lesbian Advocates & Defenders v. Attorney Gen., 436 Mass. 132, 134-135 (2002).  "To have standing in any capacity, a [plaintiff] must show that the challenged action has caused the [plaintiff] injury."  Sudbury v. Massachusetts Bay Transp. Auth., 485 Mass. 774, 779 (2020), quoting Slama v. Attorney Gen., 384 Mass. 620, 624 (1981).  "[B]oth requirements are liberally construed."  Doe No. 1 v. Secretary of Educ., 479 Mass. 375, 385 (2018).

Here, the former employee "desires to return to the industry of servicing temporary site services."  She "intend[s] to form [her] own company that would engage in sales of portable sanitary units such as what [she] sold at United Site Services."  Pursuant to the noncompete provision of her employment agreement, she must obtain "prior written consent of the Company and the Company's parent corporation" before competing with the

2

company or "engag[ing] in the business of leasing, renting, selling or servicing of portable restrooms and sanitation facilities or storage facilities or any other business related thereto, within any county in the States of Massachusetts, Connecticut, Rhode Island, Vermont, New Hampshire, Maine or New York, or in any other state in which the Company conducts business from time to time, or within any other territory in which Employee performs any duties hereunder."  She attempted to get written permission by sending the employer a letter, requesting a reply within fourteen days of receipt, but she received no response.

These facts establish an actual controversy and standing. There is an actual controversy because the former employee intends to start a business in clear violation of the noncompete provision, and the employer refused to waive the contractual provision.  See John Moriarty & Assocs., Inc., 102 Mass. App. Ct. at 485 (actual controversy exists where insured "must weigh the vigorousness of its defense against the possibility that it ultimately will have to reimburse [insurer] for the entire cost of that defense").  She has standing to challenge the noncompete provision because its existence is injuring her by preventing her from starting a business.  See Entergy Nuclear Generation Co., 459 Mass. at 327 (standing where controversy "affects the party's primary conduct").  The former employee was not required

3

to breach the noncompete provision before litigating its enforceability.  See Oxford v. Oxford Water Co., 391 Mass. 581, 584 (1984) ("It is not necessary that the parties be irrevocably bound to a course of action before a court can afford declaratory relief").  Accord Kligler, 491 Mass. at 46, quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) ("'When contesting the constitutionality of a criminal statute, "it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution"' in order to present an actual controversy").  Therefore, the case presented an actual controversy properly before the Superior Court.

2.  Preliminary injunction.  a.  Standard of review.  "[A] party seeking a preliminary injunction must show '(1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light of the [moving party's] likelihood of success on the merits, the risk of irreparable harm to the [moving party] outweighs the potential harm to the [nonmoving party] in granting the injunction.'"  Boston Firefighters Union, Local 718, Int'l Ass'n of Fire Fighters, AFL-CIO v. Boston, 491 Mass. 556, 562 (2023), quoting Garcia v. Department of Hous. & Community Dev., 480 Mass. 736, 747 (2018).  "We review the grant or denial of a preliminary injunction to determine whether the judge abused [her] discretion, that is, whether the judge

4

applied proper legal standards and whether there was reasonable support for [her] evaluation of factual questions." Children's Health Rights of Mass., Inc. v. Belmont Pub. Sch. Dist., 102 Mass. App. Ct. 747, 748 (2023), quoting Lieber v. President & Fellows of Harvard College (No. 2), 488 Mass. 816, 821 (2022).

b.  Likelihood of success on the merits.  "A covenant not to compete is enforceable only if it is necessary to protect a legitimate business interest, reasonably limited in time and space, and consonant with the public interest."  Boulanger v. Dunkin' Donuts, Inc., 442 Mass. 635, 639 (2004), cert. denied, 544 U.S. 922 (2005).  Legitimate business interests "include the protection of trade secrets, confidential information, and good will."  Oxford Global Resources, LLC v. Hernandez, 480 Mass. 462, 470 (2018).  "A former employer is not entitled by contract to restrain ordinary competition."  All Stainless, Inc. v. Colby, 364 Mass. 773, 779 (1974).

Here, the noncompete provision is not reasonable.  It bars the employee from "engag[ing] in the business of leasing, renting, selling or servicing of portable restrooms and sanitation facilities or storage facilities or any other business related thereto" at all for three years in seven named States, as well as "any other state in which the Company conducts business from time to time, or within any other territory in which Employee performs any duties hereunder."

5

This scope extends far beyond protecting the employer's legitimate business interests, temporally and geographically.

The employer advances no argument that the noncompete provision is enforceable as written. Instead, the employer argues that the motion judge was required to narrow the noncompete provision to its maximal enforceable scope.[1] The employer did not raise this argument in its written opposition to the motion judge. At the motion hearing, the employer briefly suggested in response to the judge's inquiry that the judge could limit the provision's duration to "two years, twelve months, [or] eighteen months," or reduce its geographical scope.[2]

Although the motion judge had the authority to narrow the noncompete provision, see Automile Holdings, LLC v. McGovern, 483 Mass. 797, 808-809 (2020), the employer could not delegate to the judge its duty to present options for the judge's consideration. To put it another way, the employer cannot argue on appeal that the judge erred by not ruling in a way that the employer did not suggest at the trial court. See ProQuip Ltd. v. Northmark Bank, 103 Mass. App. Ct. 133, 137 n.3 (2023)

---

[1] The employment agreement specifically allows courts to narrow its provisions.

[2] The employer suggested hypothetically that the judge allow the former employee to do business in upstate New York. At the hearing, the former employee's attorney represented that the former employee wanted to start a business in Bristol County, Massachusetts.

("Where this argument was not raised below, it is waived").  The temporal limitations suggested by the employer would be insufficient to make the noncompete provision enforceable, as would the employer's suggestion that the geographical scope be limited to allow the former employee to work in upstate New York.  The motion judge was not required to invent her own geographical limitations unsuggested by the parties.  The motion judge, therefore, acted within her discretion in finding that the former employee had a likelihood of success on the merits.

c.  Irreparable harm and balancing of the interests.  The former employee put forward specific facts that show she will be irreparably harmed without the preliminary injunction.  The former employee "intend[s] to form [her] own company that would engage in sales of portable sanitary units such as what [she] sold at United Site Services."  It is unlikely that she could accurately prove damages caused by delaying starting a business until the noncompete provision expires.

The employer, on the other hand, put forward no evidence that it would be harmed if the noncompete provision is not enforced.  Instead, the employer argued that the former employee could benefit from the employer's good will with clients and that she has confidential information.[3]  The employer, however,

_____

[3] The employer also argued that it is harmed per se because the employment agreement says so.  The terms of the agreement do

7

failed to put forward any evidentiary support for these claims, and the employer cannot show harm based on unsupported assertions. See Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 590 (2012) ("an allegation that is supported on 'information and belief' does not supply an adequate factual basis for the granting of a preliminary injunction"). In any event, we discern no error in the judge's finding that the harm to the employee from the unenforceable noncompete agreement outweighs the potential harm to the employer.[4]

In light of the former employee's strong likelihood of success on the merits and proven risk of irreparable harm, the

---

not control a dispute over whether that agreement is enforceable.

[4] In light of our decision, we need not consider whether the recently announced -- and pending -- addition of 16 C.F.R. § 910.2 (2024) would bar enforcement of the noncompete provision.

motion judge acted within her discretion in granting the preliminary injunction.[5]

Order granting preliminary injunction affirmed.

By the Court (Rubin, Ditkoff & Grant, JJ.[6]),

Assistant Clerk

Entered:  May 9, 2024.

---

[5] The employer's request for attorney's fees and costs is denied.

[6] The panelists are listed in order of seniority.