District Attorney for Northern District *v.* Three Way Theatres Corp.

necessarily raises a reasonable doubt as to the defendant's knowledge or reason to know of the machines' contents. For this reason the motion for a directed verdict should have been granted. The judgment is reversed, the verdict is set aside and a judgment of not guilty shall be entered.

*So ordered.*

KAPLAN, J., concurring in the result, refers to his dissenting opinion in *Commonwealth* v. *707 Main Corp., ante,* 374, 386 (1976), decided this day.

---

DISTRICT ATTORNEY FOR THE NORTHERN DISTRICT *vs.* THREE WAY THEATRES CORP. & others (and two companion cases[1]).

Middlesex.    March 4, 1976. — November 23, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Obscenity,* Expert testimony, Community standard, Jury trial. *Equal Protection of Laws,* Obscenity.

In a proceeding under G. L. c. 272, § 30, the judge erred in requiring expert testimony on the subject of community standards for proof of obscenity. [393-394]
Under this court's reasoning in *Commonwealth* v. *707 Main Corp., ante,* 374 (1976), the provisions of G. L. c. 272, §§ 28C-31, are constitutional. [394]
In an injunctive proceeding under G. L. c. 272, § 30, the denial of a right to jury trial is not unconstitutional. [394-395]

CIVIL ACTIONS commenced in the Superior Court, two on July 16, 1974, and one on July 26, 1974.

---

[1] The companion cases are District Attorney for the Middle District *vs.* 707 Main Corp., and District Attorney for Suffolk County *vs.* 903 Boylston Street, Corp.

The cases were consolidated for trial and heard by *Brogna,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John D. Keeton, Jr.,* Assistant District Attorney, for the District Attorney for the Middle District.

*Terence M. Troyer,* Assistant District Attorney, for the District Attorney for the Northern District.

*Timothy O'Neill,* Assistant District Attorney, for the District Attorney for Suffolk County.

*Rudolph F. Pierce* for Three Way Theatres Corp. & others.

HENNESSEY, C.J.    Three civil cases commenced pursuant to G. L. c. 272, § 30, in different counties, were consolidated and tried before a judge in the Superior Court, Middlesex County. The plaintiffs, district attorneys, each alleged that a corporate defendant was exhibiting obscene motion pictures and requested injunctive relief. The trial judge viewed the films alleged to be obscene and heard expert testimony offered by the plaintiffs and the defendants. In response to the defendants' claims for a jury trial, he ruled that injunctive proceedings under G. L. c. 272, § 30, did not entitle either party to a jury trial as matter of right. The judge then applied the Miller test, *Miller* v. *California,* 413 U.S. 15, 24 (1973), as incorporated into G. L. c. 272, § 31, see *Commonwealth* v. *707 Main Corp., ante,* 374, 376 n.1 (1976), decided today, and found that the films lacked any serious literary, artistic, political or scientific value and that they appealed to prurient interest. However, he found that the plaintiffs had failed to show by a preponderance of credible evidence that the films depicted sexual conduct in a patently offensive way and ruled the films not "obscene" within the definition set forth by G. L. c. 272, § 31. In reaching this conclusion he ruled that expert testimony is required concerning the type of matter that would offend the average person in Massachusetts.

The plaintiffs appealed from the dismissal of their complaints, alleging prejudicial error in the requirement that they present expert testimony in order to prove that the films' depictions were patently offensive. They also claim that the judge's finding that the films did not depict sexual conduct in a patently offensive way was clearly erroneous. The defendants, on cross appeal, claim that G. L. c. 272, §§ 28C-32, violate the equal protection provisions of the United States Constitution because they grant a jury trial to defendants in §§ 28C-28I proceedings which are required only for prosecution of books, but deny a jury trial to defendants in § 30 proceedings which constitute the only civil proceedings available against other materials, including films. The defendants also claim that the statutes violate the due process provisions of the United States and Massachusetts Constitutions.

We conclude that the judge erred in requiring expert testimony on the issue of "patently offensive" depictions of sexual conduct. We further conclude that G. L. c. 272, §§ 28C-31, do not violate the equal protection or due process provisions of the United States or Massachusetts Constitutions facially or as applied to these cases. *Commonwealth* v. *707 Main Corp., supra,* 374, and *Commonwealth* v. *Thureson, ante,* 387 (1976), decided today.

1. The parties to these cases do not contest the judge's finding that the motion pictures alleged to be obscene contain depictions of "sexual conduct" within the definition of G. L. c. 272, § 31. We hold today that this statutory definition includes only "hard core" sexual conduct as described in *Miller* v. *California,* 413 U.S. 15, 25 (1973), and *Jenkins* v. *Georgia,* 418 U.S. 153, 160 (1974). Thus, the trier of fact could constitutionally find the films to be "patently offensive," *Jenkins, supra* at 161, and, once the films themselves were placed in evidence, the plaintiffs had presented a prima facie case on this issue. *Kaplan* v. *California,* 413 U.S. 115, 121 (1973). *Paris Adult Theatre I* v. *Slaton,* 413 U.S. 49, 56 (1973).

The judge nevertheless found that the plaintiffs failed to meet their burden of proof on the issue of patent offen-

siveness, concluding that he could not, as the trier of fact, decide whether the average citizen of Massachusetts today would think the films were "patently offensive." He was incorrect. There is no constitutional requirement that the prosecution offer expert testimony on the issue of obscenity itself or any ancillary issue. *Kaplan, supra* at 121. Moreover, the trier of fact may draw on his own knowledge of normative views in his own community in applying statutorily prescribed community standards. *Hamling* v. *United States,* 418 U.S. 87, 104 (1974). The "contemporary community standard" functions to bar use of personal views or a peculiar group as a measure of obscenity. *Id.* at 106. Thus, the judge in these cases, disregarding his own views on the offensiveness of the films in question, could use his own knowledge of normative sensibilities to hard core depictions of sexual conduct in this Commonwealth in deciding whether the films were "patently offensive" within the statutory concept.

Because the judge below incorrectly required expert testimony on the subject of community standards for proof of obscenity, the complaints were dismissed improperly. The judgment therefore must be reversed and the cases remanded for further proceedings consistent with this opinion.

2. We decided today that G. L. c. 272, §§ 28C-31, are facially constitutional. *Commonwealth* v. *707 Main Corp., supra.* The definitions of "obscene" matter and "knowledge" are neither vague nor overbroad and give adequate notice of proscribed conduct to potential defendants and law enforcement officials. The disparity of procedural protection afforded books and other matter through §§ 28C-28I may be rationally justified and is therefore constitutionally permissible.[1] In addition, the denial of a right to jury trial in § 30 injunctive proceedings, itself constitutionally permissible (see *Alexander* v. *Virginia,* 413 U.S.

---

[1] After reviewing the statutes' definitions and procedural protections to ensure that the statutory scheme adequately protects First Amendment values, we examine the classification of matter into books and all other matter for a rational basis only.

836 [1973]), does not deny § 30 defendants equal protection of the law. Indeed, denial of a jury right is critical to the constitutionality of injunctive proceedings such as those established by § 30, since speedy final adjudications are required to avoid restraint of a mode of expression which may be constitutionally protected. *Freedman* v. *Maryland,* 380 U.S. 51, 59 (1965). Speed is not constitutionally necessary for in rem proceedings such as those established by §§ 28C-28I. Hence, the statutory grant to §§ 28C-28I defendants and denial to § 30 defendants of a jury right both has a rational basis and performs a protective function by providing for jury fact-finding whenever constitutionally possible in the area of obscenity adjudication.

For the above reasons, the judgment in these cases is reversed and the cases are remanded to the Superior Court for proceedings not inconsistent with this opinion.

*So ordered.*

KAPLAN, J., dissenting, refers to his dissenting opinion in *Commonwealth* v. *707 Main Corp., ante,* 374, 386 (1976), decided this day.