COMMONWEALTH vs. GREGORY KEREAKOGLOW.

Essex. November 2, 2009. - March 10, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Obscenity,* Dissemination of matter harmful to minor, Community standard.

At the trial of a criminal complaint charging the defendant with possession
with intent to disseminate matter harmful to minors, a substantial risk of a
miscarriage of justice arose that required reversal of the defendant's convic-
tion, where the judge did not properly instruct the jury, who were drawn
from Essex County, that they were to apply the prevailing standards of
adults in Hampden County, which was the county where the offense was
committed. [227-228]

Discussion of issues likely to arise at the retrial of a criminal complaint charg-
ing the defendant with possession with intent to disseminate matter harm-
ful to minors. [228-229]

COMPLAINT received and sworn to in the Ipswich Division of
the District Court Department on October 12, 2006.

The case was tried before *Peter F. Doyle,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

*John M. Thompson* for the defendant.

*Kenneth E. Steinfield,* Assistant District Attorney, for the
Commonwealth.

CORDY, J. The defendant, Gregory Kereakoglow, was con-
victed by a District Court jury of possession with intent to dis-
seminate matter harmful to minors, in violation of G. L. c. 272,
§ 28.[1] He appealed to the Appeals Court and we granted his ap-
plication for direct appellate review. The harmful matter consisted
of three digital images of the fifty year old defendant, posing
naked, which he sent by electronic mail to a police officer pos-
ing online as a fifteen year old girl living in Wenham (in Essex

---

[1]Kereakoglow was also charged with child enticement, in violation of G. L.
c. 265, § 26C. He was acquitted of that charge by the jury.

County). The Commonwealth agrees that the defendant resides in South Hadley (in Hampshire County), where the images were stored on his computer, and concedes, on appeal, that the offense of which the defendant was convicted was committed there. The trial, however, took place in Essex County, not Hampshire County,[2] a matter of significance as discussed below.

The principal issue at trial was whether the naked images of the defendant constituted matter "harmful to minors."[3] General Laws c. 272, § 31, provides that matter is harmful to minors if it is either "obscene" or "if taken as a whole, it (1) describes or represents nudity, sexual conduct or sexual excitement, so as to appeal predominantly to the prurient interest of minors; (2) is patently contrary to prevailing standards of adults in the county where the offense was committed as to suitable material for such minors; and (3) lacks serious literary, artistic, political or scientific value for minors."

During the trial, the judge ruled that the images were not "obscene" as a matter of law; consequently, the case was submitted to the jury on the Commonwealth's theory that the images were harmful matter under the alternate definition. In order to make that determination, the jury were required to decide whether the images were "patently contrary to prevailing standards of adults *in the county where the offense was committed* as to suitable material for such minors" (emphasis added). G. L. c. 272, § 31.

There was no testimony offered at the trial as to what the prevailing standards of adults in Hampshire County might be,

---

[2]It appears that the criminal complaints were brought in Essex County because the defendant was charged both with child enticement in violation of G. L. c. 265, § 26C, and the dissemination of matter harmful to minors. Each of these crimes would have occurred in Essex County. With respect to the latter charge, the Commonwealth opted to proceed only on so much of the complaint as charged possession of matter harmful to minors with the intent to distribute it, a crime occurring, if at all, in Hampshire County. The defendant does not contend that the case against him was improperly brought in Essex County, and has, in any event, waived such a claim. See *Commonwealth v. Robinson*, 48 Mass. App. Ct. 329, 336 (1999), citing *Opinion of the Justices*, 372 Mass. 883, 896-897 (1977) (venue may be waived).

[3]The defendant admitted to the police that he had sent the three images to the person he thought was fifteen years old, and that he knew that it was "inappropriate" to do so. A tape recording of his interview with police was played for the jury.

and the jurors were drawn from Essex County.[4] In addition, in their closing arguments, both the prosecutor and defense counsel argued that the jury should apply the prevailing standards of adults in Essex County. Defense counsel essentially argued that the Commonwealth had not established what the prevailing standards in Essex County were and therefore the jury should acquit. The prosecutor told the jury that they were members of the Essex county community and therefore should apply their own standards to determine whether the images were harmful.

The judge instructed the jury:

> "So that is the way in this case the Commonwealth has to prove that the matter is harmful to minors. That is — if it is taken as a whole, it describes or represents nudity, sexual conduct or sexual excitement. . . . It describes or represents nudity so as to appeal predominantly to the prurient interest of minors and two — is patently contrary to prevailing standards of adults *in the county where the offense was committed* as to suitable material for such minors. And three — it lacks serious artistic, political or scientific value for minors. The Commonwealth must offer proof sufficient to sustain its burden on all three standards, not just one or two. That means each of those three things I described would be followed by an 'and.' They have to prove one and two and three." (Emphasis added.)

There was no mention of either Hampshire or Essex County in the judge's instruction or any instruction on how the jury were to determine the "county where the offense was committed." G. L. c. 272, § 31.

In these circumstances, it is apparent that the jury had no alternative but to decide whether the images were "patently contrary" to the prevailing standards of adults in Essex County, and the Commonwealth does not contend otherwise. This was error.

---

[4]The Commonwealth was not required to offer expert testimony on what the prevailing standards in Hampshire County might be. See *Commonwealth v. Trainor*, 374 Mass. 796, 799-800 (1978). Indeed, the "trier of fact may draw on his own knowledge of normative views in his own community in applying statutorily prescribed community standards." *District Attorney for the N. Dist.* v. *Three Way Theatres Corp.*, 371 Mass. 391, 394 (1976). Here, however, the jury were drawn not from the Hampshire County "community," but from Essex County.

The Commonwealth argues, however, that the error did not give rise to a substantial risk of a miscarriage of justice because the images fell below a "baseline" standard of materials suitable for minors, applicable in all counties. See *Commonwealth v. Sullivan*, 55 Mass. App. Ct. 775, 781 (2002) ("no reasonable and disinterested observer anywhere in the Commonwealth would think [that explicit photographs of men and women engaging in assorted forms of sexual intercourse were] suitable for display to children").[5] The defendant contends that his conviction should be reversed and the complaint dismissed because the Commonwealth failed to present any evidence of the prevailing standards in Hampshire County.

While we agree with the Commonwealth that the evidence was sufficient to support a jury determination that the images were "patently contrary" to the prevailing standards of adults in any county, including Hampshire County, for material suitable for minors (and therefore the case may be retried),[6] a properly instructed jury, applying the prevailing standards of adults in Hampshire County, may have concluded otherwise. Consequently, we are not persuaded that the error did not create a substantial risk of a miscarriage of justice. The conviction therefore must be reversed.

In light of this conclusion, we need not address claims made by the defendant regarding other alleged errors at trial. However, because it may arise again at retrial, it is appropriate for us to address the defendant's contention that he was entitled to an instruction that, in determining whether the matter is "patently contrary to prevailing standards of adults in the county where the offense was committed as to suitable material for . . . minors,"

---

[5]The Commonwealth also contends that any error here was "invited" by the defendant. While it was plainly error for the case to have been prosecuted and defended on the theory that the material at issue was to be judged on the prevailing standards of adults in Essex County rather than Hampshire County, it can hardly be said that the defendant "invited" the error rather than joined in it. Contrast *Commonwealth* v. *Knight*, 37 Mass. App. Ct. 92, 99-100 (1994) (where judge gave erroneous manslaughter instructions requested by defendant, "defendant on appeal bears a heavy burden in attempting to have his conviction overturned" based on error in instruction). In any event, the standard we apply is a substantial risk of a miscarriage of justice. *Id.* at 100.

[6]The photographs, while not obscene, prominently displayed the defendant's genitals.

the jurors must acquit if they cannot determine the views of the "average citizen" of the county "as a whole."

In support of the argument that he was entitled to this instruction, the defendant points out that such an instruction has been required in obscenity cases. See *Commonwealth v. Trainor*, 374 Mass. 796, 800 (1978). We decline to require that the instruction be given in cases not requiring proof of the elements of obscenity as set forth in G. L. c. 272, § 31.[7,8]

With respect to matters "harmful to minors" — the only issue here — the question for the jury is whether the matter is "patently contrary to prevailing standards of adults in the county where the offense was committed." G. L. c. 272, § 31. While this requires the jury to consider the prevailing standards of the adults of the county, rather than their own normative views, unanimity is necessary only on whether the suitability of the materials (for minors) is "patently contrary" to such standards. Although the jurors may disagree as to precisely what those standards are, that is not a bar to their determining that the material in question is, in any event, "patently contrary" to any of their formulations.

The defendant's conviction is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[7]Matter is "[o]bscene" if, "taken as a whole," it satisfies all three prongs of the following test: the matter must "(1) appeal[] to the prurient interest of the average person applying the contemporary standards of the county where the offense was committed; (2) depict[] or describe[] sexual conduct in a patently offensive way; and (3) lack[] serious literary, artistic, political or scientific value." G. L. c. 272, § 31.

[8]Matter that meets the statutory definition of obscene is also a category of matter "harmful to minors" barred by G. L. c. 272, § 28. As noted above, the Commonwealth does not contend that the nude images here were obscene, and the judge concluded that they were not. Consequently, the jury were not required to consider whether they met the definition of obscenity, a definition that applies to materials distributed both to adults and minors.